MARY P. WILCOX and Others, as Executrix and Execu-TORS OF DENNIS C. WILCOX, Deceased, Respondents, v. CHARLES C. DODGE, EDWARD H. POTTER and PETER J. CLAASSEN, Appellants.

*Commission to examine a party — interrogatories should not be stricken out as being inadmissible under section 829 of the Code of Civil Procedure.*

Upon a commission for the examination of one of the defendants in his own behalf, certain interrogatories to be annexed to the commission were proposed. An objection having been taken to such interrogatories upon the settlement thereof, principally upon the ground that they could not be asked, under the provisions of section 829 of the Code of Civil Procedure, the court made an order disallowing and striking out the said interrogatories, and certain other cross-interrogatories.

*Held*, that it erred in so doing:

*First.* As it was not certain that, upon the trial, an objection that the evidence would come within section 829 of the said Code would be made.

*Second.* Or that, if made, it would necessarily be sustained, there being circumstances in which, during the progress of the trial, the party seeking to avail himself of that section may be precluded from the benefit of the protection granted by it, because of the introduction of evidence upon his own part.

Appeal from an order, made at a Special Term of the Supreme Court held in the county of New York, dated May 6, 1889, which was entered in the office of the clerk of the county of New York on May 8, 1889, settling the interrogatories and cross-interrogatories proposed to be attached to a commission issued in this action to take the testimony of Edward H. Potter.

*R. F. Clark*, for the appellants.

*H. P. Wilds*, for the respondents.

VAN BRUNT, P. J. :

Upon a commission for the examination of one of the defendants upon his own behalf, were proposed certain interrogatories to be annexed to the commission, and objection having been taken to such interrogatories upon the settlement thereof, principally upon the ground that they should not be asked under section 829 of the Code, the court made an order disallowing and striking out interrogatories and consequently certain cross-interrogatories, and from such order this appeal is taken.

The rule which is to govern in the settlement of interrogatories shows very distinctly that there is a great difference between the allowance of an interrogatory on the preliminary settlement thereof and the admission of the answers to the same in evidence upon the trial. (*Uline* v. *N. Y. C. and H. R. R. R. Co.*, 79 N. Y., 175.) In this case it is said that, although the judge in settling interrogatories to be annexed to a commission is required to allow " any question pertinent to the issue," he has authority to disallow questions not pertinent to the issue, and hence to determine whether the proposed question is pertinent or not; but that this power should be sparingly exercised, as he cannot always foresee precisely what evidence the exigencies of the trial might render proper. He must also allow all pertinent questions, although a judge sitting at the trial might, in his discretion, exclude them.

One of the main grounds upon which the appellant founds his appeal is, that he has a right, for the purpose of the theatrical effect to be produced upon the jury, to ask a question which he knows must necessarily be excluded at the time at which he puts them. This affords no ground whatever for reversing the ruling which was made in the court below in respect to these interrogatories. The court is not obliged to go through the idle form of allowing interrogatories to be put, when it is absolutely certain that the evidence thus elicited by the interrogatories can never be introduced upon the trial.

But there is a substantial reason why it would appear that the ruling of the court was erroneous. In the first place, it is not at all certain that upon the trial the objection that the evidence comes within section 829 of the Code will be made, or if made, that it must necessarily be sustained.

The witness is a competent witness and his evidence can be excluded only upon objection taken that the case comes within the purview of section 829. And there are circumstances where during the progress of the trial the party seeking to avail himself of section 829 may be precluded from the benefit of the protection granted by this section because of the introduction of evidence upon his own part. Now it is impossible for the court to say whether during the progress of the trial such circumstances may not arise as will authorize the defendant to introduce this evidence. Such being the fact although it may appear that such evidence cannot be admitted if the objection is taken under section 829, yet it is not absolutely certain but that it may become competent in consequence of something that takes place upon the trial. Under these circumstances, therefore, there seems to be no reason for anticipating that which may or may not happen upon the trial. No harm can possibly be done by allowing the defendant to put these interrogatories, and if the proper objections are raised upon the trial, the judge presiding can afford ample protection to the plaintiffs. We think, therefore, that the interrogatories should be allowed subject to legal objections to be taken at the trial.

The order should be reversed, with ten dollars costs and disbursements, and the interrogatories and cross-interrogatories allowed subject to all legal objections to be taken upon the trial.

BRADY and BARRETT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and the interrogatories and cross-interrogatories allowed subject to all legal objections to be taken upon the trial.