### FRY v. MANHATTAN TRUST Co.

(New York Superior Court — General Term, February, 1893.)

As the actual pertinency of a question will only appear upon the introduction upon the trial of some evidence which then makes it pertinent, a judge settling interrogatories cannot hold that such a contingency will not arise.

APPEAL by defendants from an order that denied defendants' motion to disallow certain direct interrogatories, proposed by plaintiff to be attached to a commission in the taking of testimony in Pennsylvania.

*Bartlett, Wilson & Hayden* and *Strong & Cadwallader*, for defendants (appellants).

*Leopold Wallack*, for plaintiff (respondent).

SEDGWICK, Ch. J.　A ground taken below and on the present argument was, that under the pleadings, the plaintiff would be called upon to prove " only whether the plaintiff introduced the business described in the complaint, to the defendants as alleged in paragraph 12, and whether the defendants agreed to pay the plaintiff $59,000 for his services in introducing said business to them and in connection therewith."

If we assume that this is correct, and if we omit to consider that the plaintiff may have in his opening case to show declarations of the defendants as to relevant matters and which might be contained in the answers to the interrogatories objected to, yet all this will not include the right of the plaintiff to prepare for a rebutting case. On the trial it might turn out to be a duty, and the plaintiff could not have relief from the conse-

quences of not being prepared with testimony. If, as it is reasonable to believe from the statements of the learned counsel for the appellant, there is a conflict of testimony and the credibility of witnesses is involved, the plaintiff is bound to prepare for that emergency and to endeavor to show that the greater weight is with the plaintiff. It is in view of these considerations and of others, that in settling interrogatories the court have used the word " pertinent." There may be combinations of circumstances, which convince one that now or hereafter, a question is not and will not be pertinent. But the general object is not merely to ask, Does the question seem pertinent in the present, but, also, how it would seem upon the trial? Such is the result of the decision in *Uline* v. *New York, etc., R. Co.,* 79 N. Y. 175. To a great degree the actual pertinency will appear only upon the introduction on the trial of some evidence which then make the pertinency. A judge settling interrogatories cannot hold that such a contingency will not arise. In the present case the question should not be overruled, because it is preposterous to suppose that anything may happen on the trial which will make answer to the question competent as evidence. On the other hand, if plaintiff's position be correct, it is not unlikely that statements in writing and verbal admissions of the defendants, in respect of plaintiff's relation to the business. may be shown in the answer honorably to the plaintiff.

It may be true that the questions call for matters that concern the private business of the witness to be examined. This would not be an objection to the questions, if they called for relevant and pertinent testimony. It may, also, be that the questions call for such a mass of written testimony that it will be a great burden to the witness to produce. This is a thing that will not be injurious to the defendants, and cannot be a ground of appeal.

Order affirmed, with ten dollars costs.

GIEGERICH, J., concurs.
Order affirmed.