### FRY v. MANHATTAN TRUST CO. et al.

(Superior Court of New York City, General Term. March 6, 1893.)

1. DEPOSITION—COMMISSION—OBJECTIONS TO INTERROGATORIES.
    Interrogatories to be attached to a commission to take testimony cannot be objected to merely because at present the questions do not seem pertinent, but should be allowed if the testimony may become pertinent in rebuttal.
2. SAME.
    Interrogatories to be attached to a commission to take testimony cannot be objected to as calling for matters concerning the private business of the witness.
3. SAME.
    Nor can they be objected to because they call for such a mass of written testimony that it will impose a great burden on the witness.

Appeal from special term.

Action by Horace B. Fry against the Manhattan Trust Company and others. From an order denying a motion to disallow certain direct interrogatories proposed by plaintiff to be attached to a commission to take testimony in another state, defendants appeal. Affirmed.

Argued before SEDGWICK, C. J., and GILDERSLEEVE, J.

Bartlett, Wilson & Hayden and Strong & Cadwallader, for appellants. Leopold Wallach, for respondent.

SEDGWICK, C. J. A ground taken below and on the present argument was that, under the pleadings, the plaintiff would be called upon to prove "only whether the plaintiff introduced the business described in the complaint to the defendants, as alleged in paragraph 12, and whether the defendants agreed to pay the plaintiff $59,000 for his services in introducing said business to them, and in connection therewith." If we assume that this is correct, and if we omit to consider that the plaintiff may have, in his opening case, to show declarations of the defendants as to relevant matters, and which might be contained in the answers to the interrogatories objected to, yet all this will not exclude the right of the plaintiff to prepare for a rebutting case. On the trial

it might turn out to be a duty, and the plaintiff could not have relief from the consequence of not being prepared with testimony. If, as it is reasonable to believe from the statements of the learned counsel for the appellant, there is a conflict of testimony, and the credibility of witness is involved, the plaintiff is bound to prepare for that emergency, and to endeavor to show that the greater weight is with the plaintiff. It is in view of these considerations, and of others, that in settling interrogatories the courts have used the word "pertinent." There may be combinations of circumstances which convince one that now or hereafter a question is not and will not be pertinent. But the general object is not merely to ask, does the question seem pertinent in the present? but also how it would seem upon the trial. Such is the result of the decision in Uline v. Railroad Co., 79 N. Y. 175. To a great degree the actual pertinency will appear only upon the introduction on the trial of some evidence, which then makes the pertinency. A judge settling interrogatories cannot hold that such a contingency will not arise. In the present case the question should not be overruled, because it is preposterous to suppose that anything may happen on the trial which will make answers to the question competent as evidence. On the other hand, if plaintiff's position be correct, it is not unlikely that statements in writing and verbal admissions of the defendants, in respect of plaintiff's relation to the business, may be shown in the answers favorably to the plaintiff.

It may be true that the questions called for matters that concern the private business of the witness to be examined. This would not be an objection to the questions if they called for relevant and pertinent testimony. It may also be that the questions called for such a mass of written testimony that it will be a great burden to the witness to produce. This is a thing that will not be injurious to the defendants, and cannot be a ground of appeal. Order affirmed with $10 costs.