ST. JOHN *v.* WAYNE CIRCUIT JUDGE.

1. DEPOSITIONS—PARTIES—WITNESSES.
   The deposition of a party to an action may be taken at the instance of the opposing party.

2. CONTEMPT—ATTACHMENT—DISCRETION.
   The denial of a petition to attach a witness for contempt on refusal to answer questions before the circuit court commissioner is not an abuse of discretion where the questions might tend to incriminate the witness and the circuit judge imposes a condition that the petitioner show the materiality of the questions asked.

Mandamus by Robert St. John to compel Morse Rohnert, circuit judge of Wayne county, to vacate an order denying a petition for an attachment in contempt proceedings. Submitted March 19, 1910. (Calendar No. 23,906.) Writ denied May 7, 1910.

*Philip A. McHugh* and *William Henry Gallagher*, for relator.

*William D. Ellsworth*, for respondent.

It appears from the answer that relator is plaintiff in an action of assumpsit pending in the circuit court for the county of Wayne, entitled Robert St. John, Plaintiff, v. Frances Sullivan, alias Dolly Sullivan, alias Frances Truedell, alias Dolly Truedell, Defendant, but has filed no declaration therein. He caused a notice to be given under the provisions of 3 Comp. Laws, § 10136, addressed to said defendant, in and by which notice she was informed that she was a material and necessary witness for the plaintiff in the said cause, and that her testimony would be taken by deposition *de bene esse* before Samuel L. May, circuit court commissioner, at his office in the city of Detroit on the 18th day of February, at 10 o'clock in the fore-

noon, at which time and place she was notified and commanded to attend. The notice proceeds as follows:

"This testimony is to be so taken for the reason that you are a necessary and material witness for and in behalf of the plaintiff in this cause; for the further reason that the purposes of justice will be aided thereby; and for the further reason that said plaintiff has reasonable cause for apprehension that your testimony cannot be had at the trial of said cause, by virtue of the fact that you are about to go more than fifty (50) miles from the place of the trial of said cause, and beyond the confines of the State of Michigan, to wit: to Chatham, in the Dominion of Canada, to remain there until the trial of said cause is concluded."

Relator (said plaintiff) also caused to be issued by said commissioner a subpœna, addressed to said defendant, commanding her to appear before him at the time and place mentioned in the notice, to give evidence in a certain case pending in the circuit court for the county of Wayne, etc. This subpœna was personally served upon said defendant. Defendant appeared before the circuit court commissioner at some time during the forenoon of February 18th, was sworn and examined by counsel for relator for an hour or so, when adjournment was taken until 2:30 p. m. the same day. In the afternoon an attempt was made to proceed with the examination. Upon the advice of her counsel the witness declined to answer the interrogatories put to her, and the commissioner thereupon certified to the circuit court the said questions, his rulings, and the refusals to answer. Relator petitioned the circuit court for the county of Wayne for an attachment to bring defendant before the court to answer the petitioner's charge of misconduct and contempt in refusing to answer the interrogatories. The Honorable Morse Rohnert, one of the judges of said court, made an order which, after reciting the petition, and that counsel had been heard, concluded:

"That the petition for attachment be denied, unless the said plaintiff shall satisfactorily cause it to appear to this

court that a certain deposition *de bene esse*, at which said alleged misconduct and contempt upon the part of the said defendant in refusing to answer the interrogatories propounded to her by counsel for the plaintiff was being taken before Circuit Court Commissioner May, on account of at least one of the causes set forth in plaintiff's notice of taking testimony, which was served upon the said defendant as a basis for taking said deposition *de bene esse*, and that said deposition *de bene esse* was being taken in good faith, and not for the purpose of discovery or unduly prying into defendant's case."

Relator, having moved for the vacating of said order, asks for a writ of mandamus to compel the circuit judge to vacate said order and issue the writ of attachment. The only objection made before the commissioner was the one that relator had not made it appear affirmatively that any of the reasons set out in the notice in fact existed. The respondent returns, however, that he became convinced that the deposition was not taken for the purpose of using the same upon the trial of the cause, but for the purpose of tracing a certain sum of money, which could in no way be material in an action of assumpsit, and was strongly inclined, from the arguments and statements of counsel, to the belief that none of the grounds set forth in the notice in fact existed. He further returns that he was strongly inclined to the belief that relator was not acting in good faith in attempting to take the deposition of defendant.

In the brief for relator it is said that the question before the court is:

"Under section 10136, 3 Comp. Laws, is it necessary that the reasons stated in the notice of taking testimony of a witness must be shown by proof to exist before the testimony of such witness may properly be taken and the examination of such witness proceeded with?"

In the brief for respondent is discussed the proper construction of the statute and the propriety of the remedy asked for.

OSTRANDER, J. (*after stating the facts*).    It is the contention of relator that a question of law is presented, and that it is immaterial what conclusions of fact were reached by the respondent.    No part of the answer appears in the printed record.    Nor could we have known, except by reference to the files in the office of the clerk of this court, what answer was made by respondent.    We discover no irregularity in the practice pursued by relator in the proceeding to secure the deposition.    The deposition of a party to an action may be taken at the instance of the opposing party.    *Young* v. *Kent Circuit Judge*, 116 Mich. 10 (74 N. W. 206).    The witness attended at the time and place specified in the notice, and if the testimony called for had been given, and if upon the trial of the cause conditions warranted the reading of the deposition, we perceive no reason for excluding it for failure to comply with the statute provisions.    We mean by this that the objection made by the witness, namely, that relator did not before proceeding with the examination offer proof, by affidavit or otherwise, that a statute reason for taking the examination, as stated in the notice, existed in fact, would not be a valid objection to the use of the deposition at the trial.    If the witness had refused to attend before the commissioner pursuant to the notice, she might have been compelled to do so by the order or process of the court, "in the same manner as witnesses may be compelled to appear and testify in court."    We do not feel called upon to determine whether, if the witness had refused to attend, the court in compelling attendance might have acted upon the showing which was made, or whether it would have been improper to require a further showing.

When a court is asked to bring before it, by its process, a witness who has refused in another place to answer questions, for the purpose of meeting charges of misconduct and contempt in so refusing, the court may consider the character of the interrogatories to which answers were refused.    In this case the examination of the witness was made a part of the petition for the attachment.    It is

returned to this court as a part of the answer of respond‹
ent.   The ruling of the circuit judge with respect to the
precise issue presented amounted to no more than this:
That relator must make it appear that the testimony
called for was material.   And while the objection that it
was immaterial was not made before the commissioner,
that fact did not preclude the judge from refusing to com-
pel answers to questions so framed as to clearly indicate
that relator was seeking, not only to trace the disposition
made of a certain sum, or of certain sums, of money ad-
mitted by her to have been at some time in her possession,
but to incriminate herself with respect to its disposition.
In other words, we are of opinion that the circuit judge
abused no discretion in requiring that relator advise him
of the materiality of the testimony sought to be elicited
before compelling the witness to answer the interrogato-
ries.

The writ of mandamus will not be issued to set aside
his ruling.

Hooker, Moore, McAlvay, and Brooke, JJ., con-
curred.