VAN DYKE v. DOUGHTY.

1. Certiorari—Depositions—Letters Rogatory—Witnesses.
    As the reversal of an order, or proceedings by writ of certiorari, ends the whole case, it is not the proper remedy to review an order of the circuit court determining that a witness should answer interrogations asked under letters rogatory from the court of a sister State, or be punished for contempt of court; the point is not one that can be reviewed as a question of law in appellate proceedings.

2. Depositions—Enforcement of Duty to Answer.
    Upon the refusal of witnesses to answer questions asked of them before a notary public, acting under lawful authority of a foreign court, the notary was authorized to present in his own name a petition to the circuit court under 3 Comp. Laws, §§ 10138, 10153 (5 How. Stat. [2d Ed.] §§ 12782, 12798), to compel the witness to make answer.

3. Same.
    If it can be seen that answers to any questions propounded may be admissible as affecting any issue involved in the suit in which they are to be introduced as evidence, the interrogatories should be answered; the witness should be required to answer only such questions, and to determine the point it is proper to inquire into the merits of the controversy and determine whether the testimony is pertinent. Questions that may become relevant on the trial of the case should not be suppressed.

Certiorari to Wayne; Hally, J. Submitted January 13, 1913. (Docket No. 65.) Decided March 20, 1913.

Petition by William Van Dyke to secure an order compelling certain witnesses, Alfred J. Doughty and others, to give testimony under letters rogatory issued by the district court of Polk county, Iowa. An order requiring the witnesses to answer is reviewed by them on writ of certiorari. Affirmed, with leave to obtain a modification of the order in the lower court.

*William Van Dyke* and *Eugene H. Garnett*, for relator.

*H. E. Spalding*, for respondents.

OSTRANDER, J. In the district court of the county of Polk, State of Iowa, Comptograph Company, as plaintiff, began a suit at law against Burroughs Adding Machine Company, defendant. Out of and under the seal of that court, letters rogatory were issued to William Van Dyke, a notary public for the county of Wayne, State of Michigan, to examine on their corporeal oath or affirmation Alvan Macauley, Joseph Boyer, and Alfred J. Doughty upon interrogatories accompanying the said letters and to certify, seal up, and forward the same to the clerk of said county. The statute of this State (3 Comp. Laws, § 10138, 5 How. Stat. [2d Ed.] § 12782) provides that courts of record in this State shall have the power to compel the attendance of witnesses and the giving of their testimony, and the production of books, papers, and other evidences before commissioners or persons authorized to take testimony, and also under commissions or letters rogatory issued out of any court of any other State or of the United States or of any foreign government or country. In such cases the method of compelling the attendance of witnesses is provided by statute, and is by subpœna or summons. Sections 10148 and 10150 (5 How. Stat. [2d Ed.] §§ 12793, 12795). It is further provided (section 10153):

" If any witness attending before any judge, officer or commissioner, pursuant to a summons, or brought before them, or either of them, shall, without reasonable cause, refuse to be examined, or to answer any legal and pertinent question,   *   *   *   the officer issuing such summons shall, by warrant, commit such witness to the common jail of the county in which he resides, there to remain until he submits to be examined, or to answer, or to subscribe his deposition, as the case may be, or until he be discharged according to law."

Mr. Van Dyke filed his petition in the Wayne circuit court, setting up the issuance of the commission, and praying for process against the witnesses named therein. Process issued and was served.   The witnesses appeared before the commissioner, answered certain of the interrogatories, and declined to answer others, setting forth their reasons for so declining to answer.   The Burroughs Adding Machine Company also filed objections to the said interrogatories, and they are substantially the objections given by the witnesses themselves.   The commissioner reported the matter to the circuit court for the county of Wayne, and set up by way of his amended petition the proceedings had before him, a copy of the pleadings in the Iowa court filed by the Burroughs Adding Machine Company, a copy of the objections to interrogatories as well as the interrogatories themselves, and prayed for an order requiring the witnesses, respectively, to appear and answer the petition, that said witnesses be ordered to make answer under oath to all of the interrogatories propounded by petitioner to them, respectively, which they had theretofore declined to answer, and that each be ordered to answer fairly, fully, and without evasion the last and general interrogatory propounded to them, and, in default, that they or either of them continuing to decline or refuse to answer said interrogatories be punished for contempt and be committed to the common jail of the county, etc.   The petition was answered, a hearing was had thereon, and the circuit court for the county of

Wayne thereafter made its order in the premises, determining that certain interrogatories propounded to each of said witnesses were not legal or pertinent and need not be answered; that certain other interrogatories were legal and pertinent, and should be answered.

To review the proceedings so had in the circuit court for the county of Wayne and the order and determination aforesaid, the Burroughs Adding Machine Company and the witnesses hereinbefore named jointly sued out of this court the writ of certiorari, contending that:

" (1) Proceedings to compel the giving of testimony by deposition cannot be instituted on the relation of the commissioner by whom the deposition is to be taken, and a proceeding so instituted does not confer jurisdiction upon the court.

" (2) The court cannot, in this proceeding, compel an answer to any interrogatory, unless it finds that such interrogatory is material and relevant to the issues shown by the pleadings.

" (3) The party proposing the testimony has the burden of showing its materiality and relevancy, and no such showing is here made."

We are confronted at the outset with the question, not raised by counsel, whether there should be a review of the proceeding upon certiorari. It cannot be supposed that every proceeding of this nature may be interrupted, and the order made therein in the court below be reviewed and set aside or affirmed, as the case may be. On certiorari questions of law only are reviewable, and it is the general rule that, when an order or judgment is reversed in certiorari proceedings, the whole case falls. It is an end to the case. It is true the proceeding is not after the course of the common law. It is special and statutory, and in one view of it an order requiring a witness to answer interrogatories is final. But the questions involved in such a proceeding are addressed to the court issuing the summons or subpœna. The tendency of testimony to prove a fact—its relevancy—is not determined by fixed rules, but by a process of reasoning. The scope of an issue of fact

is also usually determined, not by rules, but by the exercise of judgment involving a process of reasoning. It is true this court reviews on error rulings admitted or excluding testimony as relevant or irrelevant, treating the questions presented as questions of law, and in such cases they are questions of law as distinguished from questions of fact, affecting directly the rights of parties litigant. In a proceeding such as we are considering here, the rights particularly and immediately involved are the rights of witnesses; the rights of parties litigant depending finally upon the judgment and determination of a foreign court. The conclusion that a witness should or should not answer a particular interrogatory, that testimony will or will not probably be relevant, does not in this proceeding, as it does upon the trial of the case, become a question of law reviewable by an appellate court, and, although the question might finally come to us in the exercise of original jurisdiction in habeas corpus proceedings precisely as it comes in the first instance to the court below, this furnishes no reason for a general review of the judgment of that court in deciding that interrogatories shall or shall not be answered.

It may be said, however, that the question of the jurisdiction of the court below is raised. It was not raised in that court, and, assuming that notwithstanding that fact it may be raised in the appellate court, the contention is without merit. The proceeding was instituted, so far as the jurisdiction of the court is concerned, when, upon proper application, process was ordered to be issued. The power of the court issuing process to control recalcitrant witnesses is not denied. It exercised that power when it made the order complained about. If the better practice is for the commissioner to report the proceedings had before him to the court, leaving the court and the party in whose behalf the testimony is desired to take further proceedings, a point not decided, jurisdiction of the court does not depend upon the fact that the commissioner *pro forma*, and not the party, brings upon the record the

matters which ought to be considered. It may be said that in determining the questions presented to it the court below adopted and applied a faulty rule, and that whether it did or did not is a question of law reviewable in this proceeding. If a faulty rule was adopted and applied, it is nevertheless certain that this court may not in the exercise of its appellate jurisdiction examine the evidence which was presented *de novo*, apply the proper rule, and make the proper order. We have concluded, the questions having been briefed and argued, to give, so far as it is important, our construction of the statute which is involved, with a statement of the true rule to be applied in such cases, and, without vacating or setting aside the order of the circuit court for the county of Wayne, to give the plaintiffs in certiorari leave to move that court to revise its order if such revision, in view of the rule announced, is thought to be proper.

The court may require a witness to answer any legal and pertinent question. The limiting words, legal and pertinent, are not found in section 10138 or in section 10139. Undoubtedly, the sections must be read together. The judge who made the order was of opinion that it was not his duty to inquire with detail into the merits of the controversy, and determine that the testimony proposed to be taken could not be material to the issue, but that the true rule to be followed in such cases is—

"That unless the matter of the interrogatories cannot possibly enter into the merits of the case, the question should be answered, and the objection disposed of on the trial."

In support of this he refers, in his written opinion, to *Covey* v. *Campbell*, 52 Ind. 157; *In re Merkle*, 40 Kan. 27 (19 Pac. 401); *Wilcox* v. *Dodge*, 53 Hun (N. Y.), 565 (6 N. Y. Supp. 368); *Fry* v. *Trust Co.*, 2 Misc. Rep. 520, 22 N. Y. Supp. 386; *Matter of Randall*, 90 App. Div. (N. Y.) 192 (85 N. Y. Supp. 1089). It is not objected that any of the questions proposed are not legal if they are pertinent. The question debated is whether within

the meaning of the statute they are pertinent.   The words "legal" and "pertinent" employed in this statute mean the tests which the courts use in determining whether testimony is or is not admissible.   Testimony which is relevant is not necessarily admissible, because some more or less arbitrary rule of the law of evidence, some privilege of the witness, constitutional or other, some rule of public policy, may require its exclusion.   Testimony may be relevant, and be admissible, and yet have slight probative value.   The court in ruling that certain testimony is admissible says, in effect, that it tends to prove the fact to which it is directed, is fit to be considered by the jury for that purpose, and is not excluded by any rule of the law of evidence or by any other governing rule.

"The judicial tests of relevancy have this peculiar quality, in contrast with that of proof or evidence in general or in any other department of investigation:   (1) The required probative value is somewhat higher than it need otherwise have been, because the purpose is to select only such material as is worth laying before the jury; (2) the required probative value, on the other hand, is far shorter than full proof, because the judge merely puts upon the material its ticket of admission as relevant, and leaves the weight, or final persuasive effect, for the jury to determine."   1 Wigmore on Evidence, § 29.

"Pertinent" has been defined:

"Belonging or related to the subject or matter in hand; fit or appropriate in any way; adapted to the end proposed; apposite; material; relevant."   Webster's International Dictionary.

Under the head of "General rules as to relevancy," Mr. Greenleaf (Law of Evidence [15th Ed.], vol. 1, § 50) says:

"The production of evidence to the jury is governed by certain principles.   *   *   *   The first of these is, that the evidence must correspond with the allegations, and be confined to the point in issue."

"It is not necessary, however," he says (section 51a), "that the evidence should bear directly upon the issue.

It is admissible if it tends to prove the issue, or constitutes a link in the chain of proof, although, alone, it might not justify a verdict in accordance with it."

The following definition of "relevancy" is taken from 2 Bouvier's Law Dictionary (Rawle's Revision), p. 866:

"Applicability to the issue joined. That quality of evidence which renders it properly applicable in determining the truth and falsity of the matters in issue between the parties to a suit. See 1 Greenl. Ev. § 49. Two facts are said to be relevant to each other when so related 'that according to the common course of events, one either taken by itself or in connection with other facts, proves or renders probable the past, present, or future existence or nonexistence of the other.' Steph. Dig. Ev. art. 1. This is relevancy in a logical sense. Legal relevancy requires a higher standard of evidentiary force. It includes logical relevancy, and demands a close connection between the fact to be proved and the fact offered to prove it. The fact, however, that it is logically relevant does not insure admissibility; it must also be legally relevant. [*United States* v. *Ross*] 92 U. S. 281; it is, however, the tendency of modern jurisprudence to admit most evidence logically relevant. Chamb. Best Ev. 251, note."

The difficulty in most cases will be not so much in applying the test here indicated when the issues are understood, but in ascertaining what the issues are, or may be, in chief, and in rebuttal, and whether it is likely that collateral issues may arise. If it can be seen that the testimony offered may be admissible as affecting any issue involved in the suit in which it is offered, the question calling for it should be answered. This is a workable rule which in its application preserves the rights of witnesses. It imposes, it is true, a considerable burden upon the court called upon to enforce it to become informed respecting the issues involved, or likely to become involved, in a suit prosecuted in a foreign tribunal, so that it may determine whether testimony which is offered is legal and pertinent; but our statute is in conformity with a general rule of State comity. The consequences of the refusal of a witness to answer interrogatories, when ordered to do so by

the court, are considerable and ought not to be visited upon the witness for anything less than a refusal to do what the statute requires him to do. As to the parties to the litigation, they can be affected by the testimony only if the trial court admits it.

The rule indicated differs somewhat from the one stated and applied by the court below, requiring more care in its application—a positive rather than a negative determination. The opinions and expressions of other courts upon the subject are not harmonious. Of those referred to in the opinion filed below, the one in the *Matter of Randall*, 90 App. Div. (N. Y.) 192 (85 N. Y. Supp. 1089), is fairly indicated by the following words taken from the majority opinion of the court:

"It is enough for us now to say that the testimony sought to be elicited and the identification of evidence, which may be used, may be competent and may be received upon the trial; beyond reaching this conclusion, we are not required to go."

In *Wilcox* v. *Dodge*, 53 Hun (N. Y), 565 (6 N. Y. Supp. 368), the objection made upon the settlement of interrogatories was that certain of them should not be asked under section 829 of the Code, and they were stricken out. What the statute provision referred to is does not appear. It is to be inferred that it creates a privilege of the witness. In ordering the interrogatories restored, the Supreme Court said:

"The witness is a competent witness and his evidence can be excluded only upon objection taken that the case comes within the purview of section 829. And there are circumstances where during the progress of the trial the party seeking to avail himself of section 829 may be precluded from the benefit of the protection granted by this section because of the introduction of evidence upon his own part. Now it is impossible for the court to say whether during the progress of the trial such circumstances may not arise as will authorize the defendant to introduce this evidence. Such being the fact, although it may appear that such evidence cannot be admitted if the objection is taken

under section 829, yet it is not absolutely certain but that it may become competent in consequence of something that takes place upon the trial. Under these circumstances, therefore, there seems to be no reason for anticipating that which may or may not happen upon the trial. No harm can possibly be done by allowing the defendant to put these interrogatories, and if the proper objections are raised upon the trial, the judge presiding can afford ample protection to the plaintiffs. We think, therefore, that the interrogatories should be allowed subject to legal objections to be taken at the trial."

The headnote to the Indiana case is:

" A question in a deposition, which may in the course of the trial become relevant, should not, before the trial, be suppressed for alleged irrelevancy."

In *Fry* v. *Trust Co.*, reported, also, in 2 Misc. Rep. 520, 22 N. Y. Supp. 386, the opinion contains the following:

" If, as it is reasonable to believe from the statements of the learned counsel for the appellant, there is a conflict of testimony, and the credibility of witness is involved, the plaintiff is bound to prepare for that emergency, and to endeavor to show that the greater weight is with the plaintiff. It is in view of these considerations, and of others, that in settling interrogatories the courts have used the word ' pertinent.' There may be combinations of circumstances which convince one that now or hereafter a question is not, and will not be, pertinent. But the general object is not merely to ask, Does the question seem pertinent in the present? but also how it would seem upon the trial. Such is the result of the decision in *Uline* v. *Railroad Co.*, 79 N. Y. 175 [53 Am. Rep. 123, note]."

The Kansas decision does not seem to be in point. As sustaining generally the rule announced are many decisions of Federal courts where the proceeding was at law; and see, also, *Brown* v. *Clark*, 14 Pa. 469; *Interstate Commerce Commission* v. *Baird*, 194 U. S. 25 (24 Sup. Ct. 563); *Ex parte Peck*, 3 Blatchf. (U. S.) 113 (Fed. Cas. No. 10,885); *In re Judson*, 3 Blatchf. (U. S.) 148 (Fed. Cas. No. 7,563); *United States* v. *Railroad Ass'n*, (C. C.) 154 Fed. 268. While the precise question was not

raised nor discussed by counsel in that case, the decision in *St. John* v. *Wayne Circuit Judge*, 161 Mich. 299 (126 N. W. 218), is in accord with the views herein expressed.

The order of the court below is affirmed, without costs, with leave to plaintiffs in certiorari to apply to the court below for a revision of its order.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.