Edgar F. Hazleton, S.
This is an application to vacate the decree admitting decedent’s will to probate, so as to permit the movants to file objections. The decree was entered on June 2, 1956.
All parties are of the mind that the application should not be decided upon the papers but that testimony should be taken. I agree.
The question presented is: Are the provisions of section 347 of the Civil Practice Act applicable to this hearing?
The language of said section gives the answer: “ Upon the trial of an action or the hearing upon the merits of a special proceeding ’ ’. What is being conducted by this court is obviously not “ the trial of an action ” nor is it “ the hearing upon the merits of a special proceeding ”. What I am considering is a special proceeding to vacate a decree, anent which proceeding testimony is being taken at this hearing to supplement the material in the papers submitted in the proceeding. Accordingly, the entire incident, in my opinion, constitutes one proceeding.
That section 347 is not applicable to an examination before trial appears to be the rule. (Lemlich v. Lemlich, 266 App. Div. 748; Matter of Tow, 93 N. Y. S. 2d 899.) However, upon a motion, the decisions without exception hold that the provisions of section 347 are applicable. (Matter of Roberts, 235 App. Div. 378, 379; Matter of Quant, 187 Misc. 142, 144; Matter of Bray, 146 Misc. 415, 417.) A fortiori, section 347 must apply to a proceeding such as the one now before the court.