Laurence D. Wood, S.
Rosetta Edwards, the duly qualified and acting executrix of the last will and testament of Mary Ann Zalewslri Kelly, deceased, has individually asserted a claim in the sum of $2,500 with interest thereon at 6% per annum from December 10, 1960, against the estate of deceased. She has petitioned the court for an order permitting and directing payment of the claim by herself as executrix to herself individually.
■Claude V. Kelly, a legatee under the will of deceased, has appeared by attorneys Costello, Cooney and Fearon, Esqs., (Vincent A. O’Neil of counsel) and filed an answer in the nature of a general denial of the facts alleged in the petition.
David Pies, Esq., has been appointed special guardian of Archie W. Zalewslri, an infant legatee under the will of deceased, and has appeared and represented his interest in the proceeding.
The attorneys for respondent Claude V. Kelly have served a notice of the taking of the deposition of petitioner Rosetta Edwards concerning her claim, under CPLR (art. 31).
At the examination of Rosetta Edwards, pursuant to the notice, the attorney for respondent, Claude V. Kelly, addressed questions to her seeking to elicit from her information as to when she advanced money to deceased, the amount of money advanced, who else was present when the instrument, a chattel mortgage, was signed, whether any of the money was ever repaid, whether the witness kept any receipts at all concerning the advance and whether she kept any records of any kind concerning the dates of the advances. The attorney for Rosetta Edwards as executrix objected to the questions on the ground that the testimony sought involved a personal transaction or communication between the witness and the deceased person and therefore not admissible under CPLR 4519, and refused to allow the witness to answer.
The parties now seek a ruling of the court as to the admissibility of the testimony so sought in the proceeding to take the deposition of Rosetta Edwards, and, if held to be admissible in this proceeding, whether or not, and to what extent, the record of this proceeding might be used on a later trial on the merits.
The statute itself, CPLR 4519, seems quite clearly to limit the application of the privilege of refusing to permit testimony as to personal transactions and communications with a deceased person to ‘ ‘ the trial of an action or the hearing upon the merits of a special proceeding”. This provision has been literally construed by the courts, and has not been extended. Thus testimony by a fiduciary in proceedings preliminary to an accounting, concerning personal transactions with the decedent, were permitted (Matter of Van Volkenburgh, 254 N. Y. *109 139). The same rule has been applied in testimony at an examination before trial. Wilcox v. Dodge (53 Hun 565) where on examination of a defendant on his own behalf, such questions were permitted, and in Lemlich v. Lemlich (266 App. Div. 748, mot. for lv. to app. den. 266 App. Div. 787) stating “ The possibility that on the trial of the action plaintiff may be incompetent to testify to personal transactions with the deceased, by virtue of section 347 of the Civil Practice Act, docs not affect her right to an examination before trial concerning such transactions ”. (To the same effect, see Matter of Venti, 4 Misc 2d 1058; Matter of Imparato, 8 Misc 2d 503; Matter of Frorup, 10 Misc 2d 159; Matter of Wilkens, 16 Misc 2d 641; see, also, Richardson, Evidence [9th ed.], § 414.)
We must therefore conclude that the testimony sought by the attorney for the respondent herein on examination of the claimant-executrix before trial is proper and the examination is to proceed accordingly.
The court is also asked to at this time make a ruling as to what extent, if any, the record of the examination before trial might be used on a later trial on the merits. This the court cannot properly do, since it is possible that circumstances and conditions may exist at the trial which would render admissible, testimony otherwise objectionable. We would merely point out to counsel for their perusal the cases holding that the admission of testimony of personal transactions and communications with a deceased person on an examination before trial does not constitute a waiver of the objection under CPLB 4519 at a later trial on the merits. (Matter of Van Volkenburgh, 254 N. Y. 139, supra; de Laurent v. Townsend, 243 N. Y. 130.)