In the Matter of the Estate of JOHN C. LALOR, Also Known as CYRIL LALOR, Deceased. JOSLYN E. LALOR, as Administrator of the Estate of JOHN C. LALOR, Deceased, Respondent; MARY DUFF, Appellant.

Third Department, July 10, 1967.

*Ungerman & Harris (Benjamin Ungerman* of counsel), for appellant.

*Cooper, Erving & Savage (Harry S. Christenson* of counsel), for respondent.

HERLIHY, J. In January, 1965 the decedent opened a savings bank account in the amount of $13,554.22 and executed a power of attorney to his brother, Gerald. Approximately a month later that power was revoked and a new one executed and filed in favor of Mary Duff, referred to herein as the appellant. On February 15, 1965 the said appellant withdrew the entire proceeds of this account and deposited the substantial portion thereof in an account in her individual name. Thereafter on February 27, 1965 the decedent died intestate and letters of administration were issued to the petitioner herein.

In due course, upon information furnished by the brother Gerald, the petitioner commenced the present action in the Surrogate's Court, pursuant to section 205 of the Surrogate's Court Act to discover if the appellant had the savings bank book and checking account information in her possession. The

appellant appeared personally in the proceedings without filing an answer, and what has been referred to as the "inquisitorial phase" of the proceedings took place, during which the appellant testified and claimed title to the property sought to be discovered. Thereupon the court directed the appellant to serve a written answer, pursuant to section 206 of the Surrogate's Court Act. The answer alleged a gift from the decedent to the appellant and further stated that a will had been drawn leaving substantially all of the property to the appellant, but which will was never produced or, so far as appears from the present record, offered for probate.

The discovery proceeding concerned savings and checking accounts of the decedent of which the brother Gerald had knowledge and upon the inquiry it appeared that the proceeds thereof had been transferred to the appellant during the decedent's lifetime and the court, having determined on this limited proceeding that the proceeds belonged to the estate, made and entered a decree directing the amount thereof to be paid to the administrator.

As to the court's jurisdiction, section 205 of the Surrogate's Court Act, as pertinent, with reference to any property belonging to decedent and in the possession of another, provides: "Whether such possession or control was obtained *in the lifetime* of a decedent". (Emphasis supplied.)

There is no doubt that the Surrogate may, pursuant to the section, order the repayment of funds and direct the delivery of the property to the petitioner. (*Matter of Wilson,* 252 N. Y. 155; cf. *Matter of Jennings,* 1 N Y 2d 762.)

The appellant further contends that the Surrogate improperly excluded her testimony as to personal transactions with the decedent, pursuant to CPLR 4519 (formerly Civ. Prac. Act, § 347).

Sections 205 and 206 of the Surrogate's Court Act afford a summary remedy to the representative of the estate seeking to discover property purportedly belonging to the estate and in the possession of some other person.

The protection afforded by CPLR 4519 is not waived until the testimony adduced at the inquisitorial phase of the proceeding is offered in evidence at the trial on the merits as to the issue of title, or is used as a basis for the determination of title. Presently there was a proper objection to the introduction of the testimony and there appears nothing in the instant proceeding which might constitute a waiver by the petitioner. (See *Matter of Schulman,* 189 Misc. 672; *Matter of Sklaire* v. *Eldridge,* 12 A D 2d 386, 389; *Matter of Van Volken-*

*burgh,* 254 N. Y. 139; cf. *Matter of Jennings,* 286 App. Div. 256, 258, 259, affd. 1 N Y 2d 762.)

The further contention of a setoff is not supported in this record.

It appears without serious dispute that part of the proceeds of the bank accounts was used by the appellant for paying legitimate debts and administration expenses, but the answer interposed makes no such claim and there is no proper or adequate proof in this present record to substantiate such payments. In response to questions addressed to the appellant as to the amounts paid for doctors, funeral directors, nurses and other expenses, the appellant gave no fixed amounts and was evasive in the answers she did give. In this type of proceeding there is no obligation on the part of the court to make a determination of any setoff to be deducted from the amount sought to be discovered. The recovery of the amount properly due the appellant, if any, no doubt will be accomplished by the appellant filing a claim against the estate for reimbursement of amounts paid, substantiated, if need be, by competent proof.

It would appear from the present record that as to the savings account, the power of attorney was exercised only to the extent of withdrawing the entire funds from the account of the decedent. The fact that the power gave her such authority is no evidence as to her claim of title. It is presumed that title to a principal's property in the possession of his agent remains in the principal. (*Lowery* v. *Erskine,* 113 N. Y. 52.)

The decree should be affirmed.

GIBSON, P. J., REYNOLDS, STALEY, JR., and GABRIELLI, JJ., concur.

Decree affirmed, with costs to all parties filing briefs in this court payable from the estate.