■ In the Matter of JOHN B. LAWLESS, as Executor of VIOLET I. WICKS, Deceased, Respondent. BETTY L. MORTIMORE, Appellant; ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Respondent.— Appeal from a decree of the Surrogate's Court of Ulster County, entered August 9, 1971, which denied a claim to certain property of decedent and adjudged the same to be assets of the estate. Claimant, a close friend of decedent, contends that decedent, about one month prior to her death, made an *inter vivos* gift to her of the funds in two bank accounts and the contents of a safe deposit box by constructive delivery of the bank books and key, items which claimant had in her possession subsequent to decedent's death. As found by the Surrogate, claimant failed to sustain her claim, being admittedly encumbered by the dead man's statute (CPLR 4519). The burden of proof upon a claimant against an estate, while no different than that imposed in any civil litigation (*Ward* v. *New York Life Ins. Co.,* 225 N. Y. 314, 322), is subject to closer scrutiny (*Matter of Van Alstyne,* 207 N. Y. 298). Each element of the gift must be proven by evidence of great probative force (*Matter of Kaminsky,* 17 A D 2d 690, app. dsmd. 12 N Y 2d 840) which has been interpreted to mean direct proof of each element of the gift (*Matter of Kelsey,* 29 A D 2d 450, affd. 26 N Y 2d 792; *Matter of Scherzinger,* 272 App. Div. 722, affd. 298 N. Y. 521). Decedent's chauffeur gave testimony pertaining to donative intent but nothing more conclusive than the decedent "was going to give", "spoke of giving", "she wanted to give" and claimant "was to have", in reference to the personal property in question. He could not, nor could anyone else whose testimony was competent, testify concerning delivery of any personal property. Possession of the property alone will not give rise to delivery of a gift, especially where the circumstances can be explained by other design on part of the alleged donor, such as is the situation herein, where the alleged donee held a power of attorney, in which case it is presumed that title to a principal's property, in the

possession of his agent, remains in the principal (*Matter of Lalor*, 28 A D 2d 66, 68). Claimant obtained possession of decedent's property, including the property in question, after being given the power of attorney. On this appeal it is also urged that claimant should not have been precluded from inquiring into the circumstances of the power of attorney (to overcome the inference which would serve to negate delivery as a gift) after respondent-estate had opened the door so to speak. The power of attorney, however, was made part of the case by claimant, both as an exhibit and testimonially, and in certain respects over the objection of respondent-estate. The asking of a few questions by the attorney for the estate regarding possession of the property by claimant at the time she had the power of attorney, in view of the record in its entirety, cannot be construed as a waiver of the protection afforded by CPLR 4519 (*Matter of Lalor, supra*, p. 67), and, additionally, the court correctly ruled that the power of attorney, once in evidence, spoke for itself. Decree affirmed, with costs to respondent executor payable from the estate. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Kane, JJ., concur.