## (December 23, 1976)

■ In the Matter of the Estate of CAESAR MASTRIANNI, Deceased. ROBERT W. WILLIAMS, as Temporary Administrator, C. T. A. of CAESAR MASTRIANNI, Deceased, Appellant; PAULINE NOTTO, Respondent.—Appeal from an order and judgment of the Surrogate's Court of Schenectady County, entered July 10, 1973, which dismissed the petition to discover personal property belonging to the decedent. The decedent lived with his daughter, respondent herein, from July of 1965 until March of 1967, when he was hospitalized. He died in August of 1967. The decedent had executed a power

of attorney in favor of the respondent in April of 1967 and pursuant thereto the respondent withdrew about $15,500 from decedent's bank accounts and put it in her own personal control. The petitioner, on October 15, 1971 and nearly two years after he was issued temporary letters of administration *c. t. a.,* commenced this proceeding to discover the above-mentioned bank accounts and recover any proceeds in the possession of the respondent. The respondent filed a verified answer to the petition wherein she admitted receiving about $15,000 pursuant to a power of attorney and itemized certain expenditures and alleged that all other moneys (about $5,000) were used for her reimbursement "pursuant to the wishes of the decedent and prior to his death". The petitioner made no motion to strike that allegation of the answer. As a matter of procedure, the inquisition was at an end prior to any hearings being held and upon the filing by respondent of her answer and bill of particulars (cf. *Matter of Lalor,* 28 AD2d 66). The respondent had conceded her possession of the bank account proceeds and the question was whether or not she was then required as a matter of fact and law to repay any of such proceeds to the estate. The petitioner did not move to have the proceeds paid to the estate based upon the concession of possession which the Surrogate might have allowed, leaving the respondent to assert claims against the estate *(Matter of Lalor, supra).* Accordingly, CPLR 4519 (the dead man's statute) was applicable when the hearings commenced in this matter and when the respondent was first called as a witness (see *Matter of Lalor, supra; Matter of Wicks,* 42 AD2d 1021, mot for lv to app den 34 NY2d 515; cf. *Phillips v Kantor & Co.,* 31 NY2d 307, 313). The respondent at the hearing held on May 25, 1972 was called as a witness and was questioned by the attorney for one of the decedent's apparent heirs, Angeline Aldi. It appears from the record that this attorney was examining on behalf of all interested parties including the petitioner. The respondent testified that she had cashed various checks for the decedent when he lived with her and had given him the cash. She further testified that he received other checks during his hospitalization which she signed and cashed pursuant to the power of attorney and used the money as "he wanted me to do." The examining attorney finally "objected" to the answers he was receiving as to conversations with the decedent. After making the objection, the examining attorney continued his questioning as to where and how the money had been spent by respondent and after stating that respondent was claiming title to some of the funds, he made no objection to her further answers based upon instructions which the decedent orally gave to her. On June 20, 1972, the case was recalled and the respondent was again examined, but this time by the attorney for another apparent heir, Anthony J. Mastrianni, and again on behalf of all the "parties". On several occasions he elicited answers from her that she had turned cash over to her father and that she had used the bank account money exactly as her father instructed her to do. This attorney made no objections to those answers; in fact, some of his questions directly concerned the respondent's financial arrangement with her father. The petitioner and the rest of the interested parties failed to make appropriate objections in a timely fashion to the respondent's testimony as to spending money in accordance with her father's wishes (cf. *Matter of Wicks, supra; Matter of Lalor, supra).* If it is assumed that CPLR 4519 applies, on this record the court would be obligated to conclude that there had been a waiver. Upon the entire record in this case and the failure of the petitioner to effectively invoke the dead man's statute, the Surrogate properly treated the matter as dependent upon the respondent's credibility which it accepted. The petitioner's contention that besides the bank ac-

counts, the respondent had failed to account for Social Security and pension checks is without any merit. The respondent testified that she gave those moneys to the decedent and/or spent them on his bills as he directed. The presence or absence of receipts goes only to credibility. While this record clearly establishes that respondent received for her own benefit some money belonging to the decedent during his lifetime, that does not preclude the trier of the facts from concluding that she was entitled to retain such sums. The record does not establish that after the decedent's death, the respondent received any funds in the decedent's name or in the estate's name. Order and judgment affirmed, with one bill of costs to the respondent against all of the appellants named in the notice of appeal. Koreman, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.