OPINION OF THE COURT
Edward M. Horey, S.
The proceeding before the court is one of discovery. It is brought under SCPA 2103. The petitioner, estranged wife of the decedent, has heretofore been duly appointed a voluntary administratrix under SCPA article 13. In this proceeding, she has sought to discover from one Marjorie Van Derwark certain assets alleged to belong to the decedent’s estate.
In the inquisitorial phase of the discovery proceeding, Mrs. Van Derwark was examined at length. It was her testimony that the decedent had been living with her and was to marry her as soon as he was divorced from his wife, the petitioning voluntary administratrix. It was Mrs. Van Derwark’s contention that certain items of personal property of the decedent had been given to her as gifts by the decedent. It was her further testimony that additional items of personalty had been sold to her by the decedent for $180.
*454 It was at this point that the court directed that a written answer asserting title be filed by Mrs. Van Derwark. This was done. In addition, pursuant to demand, Mrs. Van Derwark supplied petitioner with a bill of particulars referable'to her claims.
Upon resumption of the proceeding, the court made specific note that issue as to title having been joined; the matter would proceed as a trial on the merits of that issue.
Mrs. Van Derwark was again called as a witness. Objections to her testimony of transactions with the decedent as violative of CPLR 4519 (the Dead Man’s Statute) were timely raised and uniformly sustained.
Three additional witnesses were sworn in support of Mrs. Van Derwark’s contentions of title. Only one, a Mrs. Kay Thompson, gave testimony that was significant. That witness testified that she was present when the decedent told Mrs. Van Derwark that since Mrs. Van Derwark had expressed a liking of a certain coffee table, she could have it. The same witness was present when delivery of the table was made by the decedent to Mrs. Van Derwark. The testimony of the other witnesses related only to the removal of certain of the decedent’s assets from his former-residence. Their testimony was wholly unsupportive of either gift or payment to Mrs. Van Derwark.
It is contended that the testimony of Mrs. Van Derwark given in support of her claim of ownership should be considered in determining title to decedent’s personalty.
The court finds no merit in this contention. Decided judicial precedent makes it clear that the protection afforded by CPLR 4519 is not waived during the inquisitorial phase of a discovery proceeding brought under SCPA 2103. The protection of the “Dead Man’s” Statute, however, may be raised when the proceeding judicially metamorphoses into a trial on the merits of title. (Matter of Lalor, 28 AD2d 66; Matter of Van Volkenburgh, 254 NY 139; Matter of Kelly, 45 Misc 2d 107; Matter of Sklaire, 12 AD2d 386.)
Proper and timely objections under CPLR 4519 having been made in the instant proceeding after the filing of an answer asserting title, and nothing appearing in the record that might constitute a waiver of the provision of that *455 statute, its provisions precluding, as they do, testimony as to transactions with the decedent were applicable in the trial phase of the discovery proceeding and were properly sustained.
There remains for discussion only one issue and that is the broader contention of the petitioning administratrix that no part of the respondent’s testimony given in the inquisitorial stage of the discovery proceeding may be considered by the court in the second phase, which is a trial on the issues. This is a vexing problem and one that does not appear to have been specifically addressed by our courts. Clearly, the confusion is borne out of the peculiarities of SCPA 2103 which provides for both a discovery proceeding and also for trial on the issue of title, if that issue is properly asserted.
It often happens that after having elicited relevant general information referable to the assertion of title and other matters during the inquisitorial phase of a discovery proceeding, that the trial phase proceeds without redevelopment of the nonobjectionable evidence. This is typically done under the assumption that since the court conducted the inquisitorial phase of the discovery proceeding and heard the evidence adduced there, such evidence is already before the court on the later trial of the issues which have been joined. This is an erroneous assumption.
The evidence developed on the inquisitorial phase of a discovery proceeding is to be likened to evidence adduced in a deposition on an examination before trial. (See, generally, CPLR 3117.)
Thus, this court holds that evidence adduced in the inquisitorial phase of a discovery proceeding, conducted under SCPA 2103, is not before the court on the trial phase of such discovery proceeding, unless that evidence is specifically made a part of the trial proceedings. This may be done, of course, by again presenting the nonobjectionable testimony during the trial phase. It may also be more easily and expeditiously done by simply offering the non-objectionable testimony adduced at the inquisitorial phase of the proceeding in evidence upon the trial on the merits phase. In the opinion of the court, Matter of Lalor *456 (28 AD2d 66, 67, supra) and Matter of Kelly (45 Misc 2d 107, supra) are supportive of the decision reached.
Because there was here neither a redevelopment of the nonobjectionable evidence adduced on the inquisitorial phase of the discovery proceeding in the trial phase, and because there was no motion made to offer the nonobjectionable evidence adduced on the inquisitorial phase in evidence on the trial phase, the motion to exclude all testimony given in the inquisitorial phase was properly taken. It is sustained.
On the issue of title to personalty, the court determines that Mrs. Van Derwark has sustained the burden of proof in reference to a gift to her from the decedent of a coffee table. As to all other items of personalty, she has failed to sustain the burden of proof of either gift or contract purchase. Title to those items is held to be in the estate of the decedent.