CHRISTINE RANDALL, Respondent, v AUSTIN McGRATH, Appellant. [861 NYS2d 468]—

Mercure, J.P. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered June 12, 2007 in Rensselaer County, which, among other things, granted plaintiff's motion for summary judgment.

Plaintiff commenced this action to recover possession of a John Deere track loader from defendant, who contends that plaintiff's deceased husband (hereinafter decedent) gave the piece of equipment to him on August 14, 2002. According to defendant, while he and decedent toured decedent's property that day, the pair spotted the track loader out in a field, sitting in disrepair. When defendant inquired about it, decedent allegedly

stated that if defendant could get the track loader started, he could have it. After considerable effort, defendant was indeed able to get the track loader started and thereafter removed it to his adjoining property.

Approximately one year later, defendant was contacted by plaintiff's son-in-law, who inquired whether defendant was in possession of the track loader. Plaintiff maintains that decedent was suffering from Alzheimer's disease during this time and could not recall what had happened to the equipment. Defendant informed plaintiff's son-in-law that decedent had given him the track loader and that he had subsequently performed substantial repair work on it. After defendant refused the son-in-law's demand to return the track loader, plaintiff commenced this action. Defendant counterclaimed, seeking damages for the labor and costs he expended to restore the track loader and for other unrelated work he had allegedly performed for decedent throughout the years.

Following discovery, the parties moved for summary judgment. Supreme Court granted plaintiff's motion for summary judgment, determining that there was no effective gift of the track loader because the element of delivery was not established, and partially granted defendant's summary judgment motion on his counterclaim for expenditures made on the equipment. Defendant appeals and we now modify by denying plaintiff's motion for summary judgment.

An effective inter vivos gift requires "intent on the part of the donor to make a present transfer; delivery of the gift, either actual or constructive to the donee; and acceptance by the donee" (*Gruen v Gruen*, 68 NY2d 48, 53 [1986]; *see Matter of Clouse*, 292 AD2d 675, 677 [2002]). Delivery may be effected by a physical transfer, or may be constructive or symbolic, but must "vest the donee with control and dominion over the property" (*Matter of Szabo*, 10 NY2d 94, 98 [1961]; *see Matter of Clouse*, 292 AD2d at 677). Moreover, "[t]he delivery necessary to consummate a gift must be as perfect as the nature of the property and the circumstances and surroundings of the parties will reasonably permit" (*Matter of Van Alstyne*, 207 NY 298, 309 [1913]; *accord Matter of Szabo*, 10 NY2d at 98).

In our view, there are triable issues of fact regarding whether decedent intended to make a present transfer of the track loader and whether the equipment was properly delivered. Plaintiff contends that decedent, by stating that defendant could have the track loader if he could get it started, did not intend to make a present transfer of dominion and control over the equipment. Plaintiff established that no keys, locks, accessory equip-

ment, paperwork or other proof of ownership of the track loader were provided to defendant, and submitted evidence that decedent did not recall giving defendant the track loader. Defendant, in response, submitted affidavits from his wife and two others, who attest that decedent had informed them that he had given the track loader to defendant at the time in question, providing evidence that decedent did make a present transfer of the equipment to him (*cf. Matter of Wicks*, 42 AD2d 1021, 1021 [1973], *lv denied* 34 NY2d 515 [1974]). Although words alone are insufficient to establish a valid gift without the actual surrender of control over the equipment (*see Matter of Van Alstyne*, 207 NY at 308; *Matter of Clouse*, 292 AD2d at 677), defendant testified that he had possession of the track loader on his property and was tinkering with it for almost one year before plaintiff's son-in-law requested that it be returned (*see Speelman v Pascal*, 10 NY2d 313, 319 [1961]). While defendant did not present evidence of physical delivery of the track loader by decedent or a symbolic delivery of keys or paperwork, defendant testified that there were no keys, locks, accessory equipment, paperwork or other proof of ownership in existence. Furthermore, the circumstances surrounding the alleged transfer herein—i.e., the nature of this property, an old piece of farm equipment standing in a field in disrepair for a substantial period of time—do not lend themselves to physical or symbolic delivery. In sum, because the parties have raised triable issues of fact concerning intent and constructive delivery of the gift, summary judgment to plaintiff is precluded (*see Matter of Monks*, 247 AD2d 922, 922 [1998]).

Defendant's remaining arguments are either not properly before us or rendered academic by our decision.*

Spain, Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment; said motion denied; and, as so modified, affirmed. [*See* 2007 NY Slip Op 31565(U).]

---

* Plaintiff did not cross-appeal from Supreme Court's grant of summary judgment to defendant on the issue of liability for his expenditures on the track loader. Therefore, this issue is not properly before us, and our decision should not be read as an indication that the issue of liability should be relitigated. Of course, if defendant is ultimately awarded the track loader, his claim for his expenditures may become academic.