■ In the Matter of the Estate of LAWRENCE J. FENLON IV, Deceased. CRAIG FENLON, as Administrator of the Estate of LAWRENCE J. FENLON IV, Deceased, Respondent; DENISE A. LIPARI-FENLON, Appellant. [942 NYS2d 908]—

Kavanagh, J. Appeal from an order of the Surrogate's Court of Chenango County (Sullivan, S.), entered September 15, 2010, which granted petitioner's application, in a proceeding pursuant to SCPA 2103, to, among other things, direct respondent to deliver certain property to decedent's estate.

Decedent died intestate on January 11, 2010. Petitioner, one of his brothers, was appointed voluntary administrator of decedent's estate, and later brought this application seeking an order compelling respondent—decedent's former spouse—to return certain personal property owned by decedent that was in her possession[1] (*see* SCPA 209 [4]; 2103). Petitioner also sought an order requiring respondent to pay to the estate a debt that she owed decedent as a result of their recent divorce. The parties appeared before Surrogate's Court in June 2010, at which time respondent voluntarily surrendered certain items requested by petitioner. A fact-finding hearing was conducted on August 9, 2010, at which petitioner, respondent and respondent's son (decedent's stepson) testified. At the hearing, respondent

---

1. Among the items requested were a car, musical equipment, computers, software, a copy machine, furniture, sporting equipment and memorabilia, family photographs and a cell phone.

claimed that most of the items sought by petitioner were gifts that decedent had given to her and her two sons before his death. Surrogate's Court found respondent's testimony and that of her son incredible and not persuasive. As such, it granted petitioner's application and this appeal ensued.[2]

Respondent claimed that the personal property sought by petitioner on behalf of the estate had been gifted to her and her sons while decedent was alive. " '[F]irst, to make a valid inter vivos gift there must exist the intent on the part of the donor to make a present transfer; delivery of the gift, either actual or constructive to the donee; and acceptance by the donee. Second, the proponent of a gift has the burden of proving each of these elements by clear and convincing evidence' " (*Mirvish v Mott*, 18 NY3d 510, 518 [2012], quoting *Gruen v Gruen*, 68 NY2d 48, 53 [1986]; *see Matter of Clouse*, 292 AD2d 675, 677 [2002]). "Delivery may be effected by a physical transfer, or may be constructive or symbolic, but must 'vest the donee with control and dominion over the property' " (*Randall v McGrath*, 53 AD3d 736, 737 [2008], quoting *Matter of Szabo*, 10 NY2d 94, 98 [1961]). According deference to the credibility determinations made by Surrogate's Court after the hearing, respondent failed to meet her burden of establishing that these items were gifts made to her and her sons by decedent prior to his death (*see Matter of Clouse*, 292 AD2d at 677; *Matter of Abramowitz*, 38 AD2d 387, 389 [1972], *affd* 32 NY2d 654 [1973]). As a result, Surrogate's Court's order is, in all respects, affirmed.

Peters, P.J., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

2. Respondent does not challenge Surrogate's Court's order that she pay the estate $10,000 representing the debt she owed decedent pursuant to the parties' separation agreement.