HELEN L. POLLITZER, Respondent, *v.* WILLIAM S. POLLITZER, Appellant.

Second Department, July 24, 1919.

Husband and wife — separation — cruel and inhuman treatment — evidence.

Where the plaintiff in an action for separation testified that the defendant kicked her during the last night she lived with him, but there was no allegation in the complaint relating thereto or in the affidavit made by her upon her application for alimony and counsel fees, said incident cannot be made the basis for a finding of cruelty, and moreover such finding is contrary to the evidence.

A claim by the plaintiff that the defendant told her that she should obtain a divorce and that he would furnish the evidence, *held* not to have been sustained, the plaintiff not having alleged that the defendant offered to furnish evidence upon which a divorce might be obtained, and it appearing that divorce and separation meant the same thing to her.

Evidence *held* insufficient to warrant the granting of a separation upon the ground of cruel and inhuman treatment.

APPEAL by the defendant, William S. Pollitzer, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of February, 1919, upon the decision of the court after a trial at the Kings County Special Term.

The judgment decreed the separation of the parties.

*Frank E. Johnson, Jr.,* for the appellant.

*Theodore B. Richter* [*Julius Henry Cohen* with him on the brief], for the respondent.

PER CURIAM:

The remarks of the learned court before whom this case was tried indicate that he was moved to his decision by two incidents. One was the alleged kicking of the plaintiff by the defendant and the other was the statement which the plaintiff claims the defendant made to her that she should obtain a divorce and that he would furnish the evidence. The first incident is not alleged in the complaint in any manner. The plaintiff testified that this incident occurred during the last night she lived with the defendant. This is the only act of violence she testifies to, and occurring at such a time it certainly would have been clearly in her mind. She, however, makes no mention of it either in her complaint or in the affidavit made by her upon her application for alimony and counsel fees. We are, therefore, of the opinion that as this incident was not alleged it cannot be made the basis for a finding of cruelty, and we are also of the opinion that the finding is contrary to the evidence. As to the second incident, the plaintiff does not allege that the defendant offered to furnish evidence upon which a divorce might be obtained, and it is quite clear from the plaintiff's allegation and from her testimony that divorce and separation to her mean the same thing. This is made clear by her suggestion at one time when the question of divorce and separation was under discussion that the defendant go out and get a divorce if he could not live with her. The finding upon this subject goes far beyond the allegation of the complaint, and we think it is also contrary to the weight of the evidence. The court was correct in its conclusion that the other facts alleged and testified to in this case are not sufficient to warrant the granting of a separation on the ground of cruel and inhuman treatment. (*Barber* v. *Barber*, 168 App. Div. 212; *Umbach* v. *Umbach*, 183 id. 496; *Donohue* v. *Donohue*, 180 id. 561.)

Findings of fact 10, 11, 13 and 17, and the conclusions of law are reversed and this court finds in place thereof:

A. That during the married life of the parties the defendant never struck or kicked the plaintiff, nor was he guilty of any acts of violence toward her.

B. That there was no conduct on the part of the defendant toward the plaintiff at any time which rendered it unsafe and improper for them to live together as husband and wife.

C. That on or about the 3d day of July, 1915, the plaintiff left the defendant, removing the furniture from the apartment where the parties then resided, and went to live with her parents, all without the consent or knowledge of the defendant.

D. That there was no just cause or provocation for the plaintiff's leaving the defendant.

E. That the defendant has not been guilty of any cruel and inhuman conduct toward the plaintiff.

The judgment should be reversed and complaint dismissed, without costs.

JENKS, P. J., PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Judgment reversed and complaint dismissed, without costs. Order to be settled on notice before Mr. Justice JAYCOX.