RUTH WENDT, Plaintiff, *v.* FRED E. WENDT, Defendant.

Supreme Court, Onondaga Special Term, December, 1923.

**Husband and wife — insufficient grounds to justify a decree of separation — confirmation of referee's report denied — complaint dismissed.**

Misunderstandings, bickerings and quarrels between husband and wife are not sufficient grounds to justify the court in granting a decree of separation, and where there is no evidence which would warrant a separation either upon the ground of cruel and inhuman treatment or that the defendant had neglected or refused to provide for the plaintiff, a motion to confirm the report of the referee in plaintiff's favor will be denied and the complaint dismissed upon the merits.

MOTION to confirm report of referee in separation action.

*A. H. Bellinger*, for motion.

*Lee, Dowling & Brennan*, opposed.

EDGCOMB, J. The learned referee who heard this case has found that the plaintiff is entitled to a separation from the defendant because of his cruel and inhuman treatment, and because of his failure to support and provide for her according to his means.

I realize that the official before whom an action is tried gets a certain atmosphere from contact with the witnesses which is absent when one reviews the cold record. For that reason, and also because of the respect which I have for the judgment and integrity of the learned referee who heard this case, I am loath to refuse to confirm his report. I have read the voluminous testimony taken upon the trial of this action with great care, and fail to find where the plaintiff has shown facts which would warrant a decree of separation, and, therefore, I very reluctantly must refuse to confirm the report of the referee.

It is evident from the record that the short matrimonial career of the parties has not been attended with that peace and comfort which constitutes the ideal married state. The parties were married on June 2, 1920. They lived together until November 20, 1921, when they parted. During that time a child was born, which subsequently died. Within a couple of days after the marriage ceremony, the matrimonial craft ran upon the rocks. The only act upon which the allegation of cruel and inhuman treatment is based took place during their wedding trip. Since that occasion there is no evidence that the defendant ever used any physical force upon the plaintiff, or that his conduct or language was such that it would cause plaintiff such mental anguish as would amount to cruel and inhuman treatment. It is true that there were bicker-

ings between the parties, some of which the defendant was responsible for, which did not indicate that love and affection which a man should show towards his wife, and many things were said which might better have been left unsaid. Apparently these parties cannot live together in peace and harmony. I do not think that the defendant is entirely responsible for this condition. I believe that if plaintiff's mother had not insisted upon injecting herself into the affairs of this young couple, their matrimonial bark would have sailed on a much smoother sea. Misunderstandings, bickerings and quarrels between a married couple are not a sufficient ground to justify a court in granting a decree of separation. Neither does a single act of physical violence which does not render it unsafe for the parties to cohabit together, or which does not raise a reasonable apprehension of further violence, with danger to life, limb or health, constitute grounds for a separation. After the one act of physical violence which has been testified to here, the plaintiff admits that she lived happily with the defendant during all the time they lived alone and away from her mother, for a period of at least seven months. Plaintiff says that her husband was kind to her during her pregnancy. Under these circumstances there was nothing in the episode which took place on their wedding trip which caused the plaintiff to have had any reasonable apprehension of any further violence to her person. It is apparent from the testimony of the plaintiff, if we are to accept her version of what occurred at Rochester during the wedding trip as correct, that the episode had been forgotten and forgiven by her during these months of happiness before the birth of her baby, and that it cannot now be made the basis of an action for separation.

It is not my purpose to review the evidence at any length, or to discuss or refer to the various authorities which lay down the rules governing actions of this kind. That is not necessary here. Suffice it to say that in my opinion there is no evidence which would warrant a separation upon the ground of cruel or inhuman treatment.

Neither do I think that there is any evidence which would warrant a separation upon the ground that the defendant had neglected or refused to provide for the plaintiff. Certainly he has not abandoned her. It is the duty of a wife to live with her husband. If he is willing to furnish her with a suitable home, he rather than she is entitled to be the judge of where that home should be. Concededly defendant did furnish plaintiff with a suitable home up to the time she chose to go to her mother's before the birth of her baby. Since that time defendant has offered to furnish another home for the plaintiff, but she is not satisfied

with his offers and has preferred to stay with her mother. The evidence convinces me that her mother is somewhat responsible for her decision in the matter.

Marriage contracts, the most solemn agreement which can be made between a man and woman, are not to be lightly set aside. Each party promises to take the other for better or for worse. In many instances it is worse rather than better. That may be so in this case. But each of these parties were obligated to put up with the weaknesses and infirmities of the other, and to bear with the petulence and irritability of the other, unless such a condition should go to such an extent as to make it unsafe for one to cohabit with the other or to amount to cruel and inhuman treatment.

The situation which reveals itself here is a most unfortunate one. I can only add that in my opinion these parties should try once more to live together, and to forget past differences. I cannot help but believe that, if they make one more honest effort to live up to their marriage vows, and the parents of each party keep away from and in no way interfere with them, the damage of the past can be repaired, and that these parties will live a happy and contented life, and be a comfort to each other, and a blessing to the community in which they reside.

The motion to confirm the report of the referee is denied. Judgment may be entered dismissing the complaint upon the merits, but without costs.

Judgment accordingly.