EVA MITTMAN, Respondent, *v.* MANNY MITTMAN, Appellant.

First Department, February 27, 1942.

*Saul Pulver*, for the appellant.

*John C. Leonforte*, for the respondent.

Cohn, J. The appeal from the second order involved requires the determination of the question as to whether a wife can enforce payment of alimony *pendente lite* by contempt after a judgment in a separation action has been entered in her favor.

The material facts are these: During the pendency of an action for separation an order was entered on October 5, 1940, requiring defendant to pay to plaintiff thirty-five dollars weekly *pendente lite*. Thereafter on January 27, 1941, a judgment was entered granting plaintiff a separation and awarding her thirty dollars per week as permanent alimony. Several months later a motion was made by plaintiff to punish defendant for contempt because of his failure to pay ninety-five dollars alimony *pendente lite* as directed in the aforementioned order of October 5, 1940. The application was granted and the order entered thereon is one of the two orders embraced in this appeal.

It is our view that the court erred in granting plaintiff's motion to punish defendant for contempt. After the entry of judgment it is too late to enforce by contempt the payment of alimony *pendente lite*. The rule seems established in this State that all proceedings to compel the payment of temporary alimony must be taken during the pendency of the action and the life of the order. (*Hayes* v. *Hayes*, 150 App. Div. 842; affd., 208 N. Y. 600 [in effect overruling *Shepard* v. *Shepard*, 99 App. Div. 308]; *Matter of Thrall*, 12 id. 235; affd., 153 N. Y. 644; *DiBenedetto* v. *DiBenedetto*, 248 App. Div. 604, 619; *Pachter* v. *Pachter*, 130 Misc. 769; *Mills* v. *Mills*, 95 id. 231; 9 Carmody's New York Practice, § 215.)

The authority to award temporary alimony rests entirely upon statute. (*Beadleston* v. *Beadleston*, 103 N. Y. 402, 404; Civ. Prac. Act, § 1169.) The purpose of the statute, so far as pertinent here, is to provide for the support of the wife and for the maintenance of the children of the marriage during the pendency of the action. Since the allowances are only made *pendente lite*, the order granting the same necessarily becomes ineffective upon the termination of the action. (*Kellogg* v. *Stoddard*, 89 App. Div. 137, 139; *Wood* v. *Wood*, 7 Lans. 204.) When the life of the order thus expires, the statutory remedies provided for its enforcement (Civ. Prac. Act, §§ 1171, 1171-a, 1172) fall at the same time.

Plaintiff calls attention to the fact that in *Doncourt* v. *Doncourt* (245 App. Div. 91; affd., 275 N. Y. 470) it was decided that there was no warrant for the entry of a judgment for unpaid installments of temporary alimony in a matrimonial action; that the only remedies by which payment thereof might be enforced were by sequestration or by contempt. (Civ. Prac. Act, §§ 1171,

1171-a, 1172.) Accordingly she insists that as she may not, in her judgment of separation, enter the arrearages for unpaid alimony awarded *pendente lite*, she should not be deprived of her right to punish defendant for contempt for his failure to comply with the court's order directing payment of alimony *pendente lite*. However, plaintiff was not without remedy. She could have moved to punish defendant for contempt before the entry of judgment in the action. That she failed to do so was the result of her own omission. Indeed, at the time of the entry of judgment she might have asked for permanent alimony, to begin with the date of the commencement of the action, instead of with the date of the judgment of separation. A court of equity has the discretionary power to require that payments of permanent alimony begin as of the time of the commencement of the action. It was so decided many years ago by the Court of Appeals in *McCarthy* v. *McCarthy* (143 N. Y. 235). (See, also, *Harris* v. *Harris*, 259 N. Y. 334, 337; *Forrest* v. *Forrest*, 25 id. 501, 518; *Burr* v. *Burr*, 10 Paige, 20.) In the *Burr* case (at p. 38) the Chancellor said: " And I think the allowance for alimony should have been directed to commence from the time of filing the complainant's bill on the 12th of January, 1841; deducting therefrom the *ad interim* alimony which has been received by her or her solicitor for her use." While it thus appears that in an action for divorce or separation a final decree may in the discretion of the court provide that alimony be payable *nunc pro tunc* as of the time of the commencement of the action (see *Harris* v. *Harris, supra*, p. 337), such discretion should be exercised cautiously and with a proper regard for the circumstances in each particular case.

From the foregoing it follows that plaintiff, if diligent, could have secured adequate relief, either by a timely motion to punish for contempt, or by a request to the court to provide in the judgment that permanent alimony begin as of the date of the commencement of the action with an allowance to the defendant for the *ad interim* alimony payments. Plaintiff could also avail herself of the remedy recently provided for by the enactment of section 1171-b of the Civil Practice Act (added by Laws of 1939, chap. 431, as amd. by Laws of 1940, chap. 226).

With respect to the other order appealed from which denied defendant's motion to modify the decree of separation so as to reduce the amount of permanent alimony provided therein, we hold that upon all the facts the Special Term properly exercised its discretion in the matter.

It follows that the order denying the motion to modify the judgment should be affirmed and the order granting the motion of plaintiff to punish defendant for contempt should be reversed and the motion denied, without costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and CALLAHAN, JJ., concur.

Order entered on or about November 17, 1941, denying defendant's motion to modify the judgment unanimously affirmed, without costs. Order entered on or about December 2, 1941, granting plaintiff's motion to punish defendant for contempt unanimously reversed, without costs, and said motion denied.