Flossie E. Hawkins, Respondent, *v.* Erskine R. Hawkins, Appellant.

First Department, November 27, 1951.

*Vertner W. Tandy, Jr.,* for appellant.

*Sydney Rosenthal,* attorney (*Keal Kaufman,* with him on the brief), for respondent.

*Per Curiam.* The defendant-appellant has been adjudged guilty of contempt for nonpayment of temporary alimony and fined the sum of $3,350 directed to be paid in two installments over a period of ten days. He asserts his inability to comply with the order, and says that his conduct was not contemptuous as the arrears accrued because of his straitened finances. Though defendant may not have sufficient excuse for not paying at least a portion of the current alimony, during part of the time when the defaults occurred he was in jail for nonpayment of prior installments of alimony. We think that before further imprisonment was ordered, the question of defendant's present finances should have been the subject of further inquiry in order to aid the court in determining whether any relief should have been afforded defendant under section 1172-a of the Civil Practice Act.

The greatest aid to the dispatch of matrimonial problems of this nature would be an early trial where the question of the financial ability of the husband can be inquired into by a justice taking testimony instead of one deciding the matter upon affidavits. Accordingly, we direct that this action be placed upon the calendar by defendant forthwith and receive a prompt trial. The pending motion to punish for contempt is remitted to the justice presiding at such trial. Plaintiff and her counsel will be sufficiently protected as to any provisional remedy to enforce the orders for temporary alimony and counsel fees by the trial justice, who may decide the motion to punish for contempt before the entry of judgment or otherwise preserve the rights of the wife with respect to such alimony and counsel fees by a proper provision in the decree which he grants. (*Mittman* v. *Mittman,* 263 App. Div. 384.)

The order appealed from should be reversed and the motion to punish for contempt remitted to the justice who shall preside upon the trial of this action. Defendant meanwhile will be required to continue to pay the $100 a week provided for in the stay directed by this court. Settle order.

Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ., concur.

Order unanimously reversed and the motion to punish for contempt remitted to the justice who shall preside upon the trial of the action. Defendant meanwhile is required to continue to pay the $100 a week provided for in the stay directed by this court. Settle order on notice. [See *post,* p. 790.]