## (January 29, 1952.)

MARION STEINMAN, Respondent, v. BERNARD STEINMAN, Appellant.

*Per Curiam.* The question of the amounts to be awarded a wife for temporary alimony and counsel fees in a matrimonial action present issues of importance. However, the judicial process may be speeded by avoiding duplication of effort, and more exact justice may be administered, if an early trial of the issues be

made a prime objective. At such a trial a justice of the court will be able to consider all the issues upon a more complete record, including opportunity for oral interrogation of the parties.

When the wife establishes reasonable probability of success and the husband's income is disclosed with reasonable certainty from affidavits, we see no necessity of a reference to inquire into the matter of financial ability.

The motion part should not lose sight of the fact that the award or lack of award of alimony is an interim determination and should consider that an excessive award may block an early trial. Consideration should also be given to the important difference to the parties tax-wise between alimony paid under a temporary order and that paid under a final judgment.

The determination upon a motion need not be considered controlling by the trial justice either as to the making of an award or the amount thereof. The trial court will not need the assistance of a referee in most cases, where it can make first-hand inquiry into the controlling facts.

In this case we think that the award should not have exceeded $100 a week for alimony and $1,000 for counsel fee, and we modify it accordingly. The husband is directed to place the cause on the calendar for an early trial. Settle order.

SHIENTAG, J. (dissenting in part). I dissent in part and vote to refer the issues with respect to the financial condition of the parties to an official referee to hear and report thereon with all convenient speed, to the Special Term with his recommendations. In the interim it might be provided that a certain amount be paid to the wife, without prejudice to the rights of either of the parties. The application for temporary alimony and counsel fees was decided by the Special Term on conflicting affidavits. The learned majority of this court have reduced the allowances, on the basis of the same affidavits. I am not persuaded that " the husband's income is disclosed with reasonable certainty " by those affidavits. In my opinion, the proper practice, in a situation such as is here presented, is to have the conflicting issues tried before an official referee. The proceeding before him will not result in duplication of effort. In many instances, with the facts fully adduced, the parties themselves may agree on the amount of temporary alimony and counsel fees; in any event, the proceedings before the referee will furnish a factual basis for the fixation not alone of temporary alimony and counsel fees but or permanent alimony when the case goes to trial pursuant to notice of trial by either party. This does not mean that on the facts concerning financial means and needs a different amount may not be fixed for temporary alimony as distinguished from permanent alimony. It does mean that the court will be in a position to act on the facts presented and found by the referee rather than on conflicting assertions made by the respective parties. The fixation of temporary alimony and counsel fees, on the basis of conflicting affidavits is, in most cases, neither fair nor just to the parties concerned; it often results in applications for modification, or in motion to punish for contempt, bringing up *de novo* the issues relating to the financial condition of the parties and requiring a hearing before an official referee which might better have been had in the first instance.

Peck, P. J., Glennon, Callahan and Van Voorhis, JJ., concur in *Per Curiam* opinion; Shientag, J., dissents in part, in opinion.

Order modified so as to reduce the alimony to $100 per week and counsel fee to $1,000 and, as so modified, affirmed. Settle order on notice.