## (May 7, 1952.)

SUSAN ROGERS, Respondent, *v.* ELMER A. ROGERS, Appellant.

*Per Curiam.* Upon the conflicting affidavits submitted, we cannot say that plaintiff has shown a reasonable probability of success in her action for a separation. It may be that upon a plenary trial she will be in a position to establish her cause of action, but thus far we are not persuaded that she will prevail.

As we have had occasion to point out recently, the greatest aid to the dispatch of matrimonial problems of the nature presented upon this appeal would be an early trial of the action where the merits of the case and the financial ability of the husband, if it becomes a material issue, can be inquired into by a Justice who is to hear testimony of the witnesses instead of having the questions involved decided upon affidavits (*Hawkins* v. *Hawkins*, 279 App. Div. 121; *Steinman* v. *Steinman*, 279 App. Div. 781). Defendant is directed to place the cause upon the calendar forthwith, and there is to be an immediate trial. All questions as to the merits may then be promptly disposed of. In the meantime, defendant should pay plaintiff the sum of $50 a week for the support and maintenance of their child.

The order entered January 14, 1952, should be modified by granting the motion only to the extent of directing defendant to pay to plaintiff the sum of $50 weekly for the support of the child and otherwise denied. Settle order.

The order and judgment entered February 21, 1952, should be reversed and the motion denied.

The order entered February 21, 1952, directing payment of printing expenses and counsel fees, should be affirmed.

The order entered February 25, 1952, should be reversed and the motion denied.

SHIENTAG, J. (dissenting in part). These appeals emphasize anew our more or less unsatisfactory way of dealing with applications for temporary alimony and counsel fees and with the legal incidents flowing therefrom. I agree with my learned colleagues that this separation action should proceed to an immediate trial. I am unable to agree, however, on the basis of the conflicting affidavits submitted, and particularly in the face of a contrary holding by the Special Term, that the plaintiff wife has no reasonable prospect of success at the trial. The motions for temporary alimony and counsel fees, for leave to enter judgment for unpaid installments of alimony, and to punish the defendant husband for contempt, should, in substance, be referred to the Justice presiding at the trial of the action to be decided on the basis of the facts adduced before him and before he renders his judgment in the action. In the meantime, there should be an allowance, on account of temporary alimony for the support of the wife and of the child of the marriage, of $70 a week and a counsel fee of $500 without prejudice to the rights of the parties and pending the determination by the Trial Justice of the motions in controversy. This procedure, to my mind, is the appropriate and just way of dealing with a situation where, as here, the questions of likelihood of success and of the financial condition of the parties are so widely at variance in the affidavits submitted. The orders appealed from should be reversed as hereinbefore indicated, without costs, and the motions referred for consideration and determination by the Justice presiding at the trial of the action.

In the first and second above-described appeals — Cohn, Callahan and Van Voorhis, JJ., concur in *Per Curiam* opinion; Dore, J. P., dissents and votes to affirm; Shientag, J., dissents in part and votes to modify in a dissenting in part opinion.

In the third above-described appeal — Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.

In the fourth above-described appeal — Dore, J. P., Cohn, Callahan and Van Voorhis, JJ., concur in *Per Curiam* opinion; Shientag, J., dissents and votes to modify in a dissenting in part opinion.

In the first above-mentioned appeal — Order entered January 14, 1952, modified by granting the motion only to the extent of directing defendant to pay to plaintiff the sum of $50 per week for the support of the child, and as so modified, affirmed. Settle order on notice.

In the second above-described appeal — Order entered February 21, 1952, directing the judgment in favor of plaintiff for accrued arrears for alimony *pendente lite* and counsel fee in the sum of $2,010 and the judgment entered on said order reversed and the motion denied. Settle order on notice.

In the third above-described appeal — Order entered February 21, 1952, directing payment by defendant of plaintiff's printing expenses and $250 as counsel fee on appeal, unanimously affirmed.

In the fourth above-described appeal— Order entered February 25, 1952, adjudging defendant guilty of contempt of court and fining him $2,000 reversed and the motion denied. Settle order on notice. [See 280 App. Div. 760.]