ANNE ZOLINSKY, Also Known as ANNE ZOLIN, Respondent, *v.* MEYER ZOLINSKY, Also Known as MEYER ZOLIN, Appellant.

First Department, October 23, 1962.

*Joseph Apfel* for appellant.

*Samuel G. Fredman* of counsel (*Fink, Weinberger, Levin & Gottschalk,* attorneys), for respondent.

*Per Curiam.* This is an appeal by defendant-appellant from an order entered June 27, 1962, which referred to a Special Referee, the question of the amount of permanent alimony to be paid by the appellant, and which order directed appellant to pay to plaintiff the sum of $2,600 per year, as temporary alimony, effective as of October 18, 1961, the return date of plaintiff's motion for temporary alimony.

The parties herein were married October 9, 1934. Plaintiff wife, on or about October 20, 1961, instituted an action for separation. Coincidentally a motion was made for alimony *pendente lite* and counsel fees.

The motion for alimony and counsel fees was denied by order dated October 27, 1961, without prejudice to renewal before the Trial Justice. No appeal was taken therefrom.

The case came on for trial on May 21, 1962, and the court rendered its decision in favor of the plaintiff. Thereafter by its order of June 27, 1962 an award of temporary alimony was made and the question of permanent alimony was referred to a Special Referee.

It is only in rare circumstances, where there might be great difficulty in ascertaining the necessary facts, that we would approve of a reference in matters of this kind (cf. *Steinman* v. *Steinman,* 279 App. Div. 781; *Staehr* v. *Staehr,* 269 App. Div. 762). This record does not warrant such a reference.

The purpose of an award of temporary alimony is to provide for the support of the wife during the pendency of an action and until it is decided. (*Polizotti* v. *Polizotti,* 305 N. Y. 176.) Authority to award temporary alimony rests entirely upon statute. (Civ. Prac. Act, §§ 1169, 1164; cf. Domestic Relations Law, § 236, as added by L. 1962, ch. 313, eff. Sept. 1, 1963.) The

court is without power to award temporary alimony after a trial and the rendering of a decision in the matter (cf. *Doncourt* v. *Doncourt*, 245 App. Div. 91, affd. 275 N. Y. 470; *Mittman* v. *Mittman*, 263 App. Div. 384). However the court in its discretion may award permanent alimony in its final judgment and even provide that such alimony be payable *nunc pro tunc* as of the time of the commencement of the action. (*McCarthy* v. *McCarthy*, 143 N. Y. 235; however, cf. *Baker* v. *Baker*, 16 A D 2d 409.)

The order appealed from should be reversed on the law, without costs to either party, the award vacated and the matter remanded to the Trial Judge for the purpose of fixing permanent alimony. (*McCarthy* v. *McCarthy, supra*; *Harris* v. *Harris*, 259 N. Y. 334, 337.)

Botein, P. J., McNally, Stevens, Eager and Steuer, JJ., concur.

Order, entered on June 27, 1962, unanimously reversed, on the law, without costs, the award vacated and the matter remanded to the Trial Judge for the purpose of fixing permanent alimony.