UNITED STATES of America ex rel.
Melvin VAUGHN, Relator-
Appellant,

v.

J. Edwin LaVALLEE, as Warden of Clinton State Prison, Dannemora, New York, Respondent-Appellee.

No. 392, Docket 27538.

United States Court of Appeals
Second Circuit.

Argued June 14, 1963.

Decided June 17, 1963.

Leon B. Polsky, New York City (Anthony F. Marra, New York City, on the brief), for relator-appellant.

Sheldon Raab, Deputy Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of New York, and Irving Galt, Asst. Sol. Gen., New York City, on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and KAUFMAN and MARSHALL, Circuit Judges.

LUMBARD, Chief Judge.

The appellant, Melvin Vaughn, takes this appeal from an order of the United States District Court for the Northern District of New York entered on December 26, 1961, denying without a hearing his application for a writ of habeas corpus. Since we find the allegations in his petition to the district court wholly insufficient as a matter of law to warrant issuance of the writ, we affirm the order below.

The appellant was convicted in 1957 in the former County Court of Kings County of narcotics violations, New York Penal Law, McK.Consol.Laws, c. 40, § 1751, and sentenced to be imprisoned for a maximum term of ten years. The conviction was based on a plea of guilty to the indictment. The present petition alleges that at his arraignment the appellant was "coerced * * * to plead guilty, because of his record and parole." It is alleged also that state officials unlawfully entered the appellant's room and seized his property, namely a bag containing narcotics.

The allegation of coercion is entirely conclusory; the petition presents no supporting facts or explanation except the ambiguous phrase "because of his record and parole," which on its face does not suggest acts which are coercive. Beyond that, even this minimal allegation is made only with reference to the plea of guilty at the time of the appellant's arraignment. There is no mention of any coercion attending the subsequent formal plea of guilty on which the conviction was based. A plea of guilty which is prompted by fear that unconstitutionally obtained evidence will be used at trial will not sustain a conviction. Pennsylvania ex rel. Herman v. Claudy,

350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956). But the petition offers no support for assigned counsel's suggestion that fear that the allegedly coerced plea at arraignment would be used against the appellant at trial may have prompted his formal plea of guilty.

■ Similar reasons require rejection of the appellant's second contention. That state officials may have seized his property unlawfully does not in and of itself vitiate his conviction on a plea of guilty, which "is itself a conviction," rendering unnecessary the introduction of any evidence. Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). Again, there is nothing in the petition to support counsel's suggestion that the appellant pleaded guilty because he was afraid that the seized property would be used in evidence against him.[1]

We are mindful of the admonition of Mr. Justice Frankfurter, in his opinion in Brown v. Allen, 344 U.S. 443, 488, 502, 73 S.Ct. 397, 437, 443, 97 L.Ed. 469 (1953), that "lack of technical competence of prisoners should not strangle consideration of a valid constitutional claim that is bunglingly presented." But this is not a case where constitutionally significant facts are inartistically set forth. Nor is it a case in which the outlines of a constitutional claim are presented clearly enough to warrant a hearing at which the details might be developed. Even if the factual allegations contained in the appellant's petition are given full credence and the fullest possible weight, they nevertheless do not make out a violation of his constitutional rights.[2]

Affirmed.

1. We have no occasion to consider, and we express no opinion on, the effect of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), on convictions in state courts which preceded that decision.

2. Since we find the appellant's allegations insufficient to warrant a hearing in a federal court, it is immaterial whether the state would afford him a hearing now. As we understand the cases, New York does not allow collateral attack on a conviction on the grounds alleged here. It is unclear whether New York would allow such attack on the kind of grounds which counsel for the appellant has tried to read into his petition. Compare People v. Berger, 9 N.Y.2d 692, 112 N.Y.S. 2d 425, 173 N.E.2d 243 (1961), with People v. Nicholson, 11 N.Y.2d 1067, 230 N.Y.S.2d 220, cert. denied, 371 U.S. 929, 83 S.Ct. 300, 9 L.Ed.2d 237 (1962).