■    SYDELL SCHAPIRO, Respondent, v. JULES SCHAPIRO, Appellant.— In an action for separation on the ground of cruelty, defendant husband appeals from (1) an order of the Supreme Court, Nassau County, dated April 2, 1965, insofar as it provided for support and maintenance of plaintiff wife *pendente lite* and failed to deny *in toto* her motion for a counsel fee but, instead, referred same to the trial court, (2) an order of said court, dated February 21, 1966, which denied defendant's motion, *inter alia,* to set aside the court's decision rendered after trial, and (3) the judgment of said court, entered June 22, 1966, which, *inter alia,* granted plaintiff a judicial separation, custody of the two infant children of the marriage, $50 a week alimony, $25 a week support for each of the children, exclusive possession of the house owned by the parties as tenants by the entirety (carrying charges to be paid by defendant) and a $1,500 counsel fee, and directed defendant to pay plaintiff's debts for necessaries incurred by her prior to the effective date of said order for support *pendente lite.* Judgment modified, on the law and the facts and in the exercise of discretion, by (1) striking out the first decretal paragraph and substituting therefor a provision dismissing so much of the complaint as seeks a separation, (2) providing in the fourth decretal paragraph that defendant shall not be required to pay for fuel for and repairs to the house, and striking out the contrary provision therein, (3) striking from the fifth decretal paragraph the figure $100 and substituting therefor the figure $80, (4) striking from the sixth decretal paragraph the figures $100, $50 and $25 and substituting therefor the figures $80, $40 and $20, respectively, so that defendant shall be required to pay to plaintiff $80 weekly, $40 thereof for her support and $20 for the support of each of the children and (5) striking from the eighth decretal paragraph so much thereof as directs defendant to pay said antecedent debts for necessaries incurred by plaintiff. As so modified, judgment affirmed, without costs. Inconsistent findings of fact are reversed and new findings are made as indicated herein. In our opinion, the finding of the trial court that the husband was guilty of cruel and inhuman treatment is against the weight of the evidence. The proof shows that the relations between the parties were trying, unpleasant and at times acrimonious, that defendant said he would have plaintiff committed, that on two occasions (about a year apart) he struck her, and that plaintiff suffered anxiety and depression as a result of their discord. The proof failed to establish, however, that the name-calling, bickering and threats substantially impaired plaintiff's health (*Smith* v. *Smith,* 273 N. Y. 380, 384; *Pearson* v. *Pearson,* 230 N. Y. 141; *Davis* v. *Davis,* 1 A D 2d 675; *Krugman* v. *Krugman,* 286 App. Div. 1029); nor are the isolated acts of violence, testified to by plaintiff, sufficient to warrant a decree of separation (*Pollitzer* v. *Pollitzer,* 188 App. Div. 861; *De Vide* v. *De Vide,* 186 App. Div. 814; *Wendt* v. *Wendt,* 121 Misc. 791, 792). In the light of all the facts disclosed by this record, we are of the opinion that the weekly award of alimony and of support for the children was excessive to the extent indicated. It is further our opinion that, under the pertinent circumstances, the items of fuel

and repairs should not be deemed "carrying charges" on the house (cf. *Bernheim* v. *Bernheim*, 23 A D 2d 887). There is no warrant for an award to the plaintiff wife for antecedent debts in this, a matrimonial action, when they have not been set forth as the subject of a separate cause of action (*Brownstein* v. *Brownstein*, 25 A D 2d 205, 211; *Sues* v. *Sues*, 17 Misc 2d 3). In view of the above, the appeal from the order dated February 21, 1966 is dismissed as academic, without costs. The appeal from the order dated April 2, 1965 is dismissed insofar as appealed from, without costs. Said order was superseded by the final judgment (*Mittman* v. *Mittman*, 263 App. Div. 384, 385; 24 Am. Jur. 2d, Divorce and Separation, § 558). Ughetta, Acting P. J., Brennan and Hopkins, JJ., concur; Rabin and Benjamin, JJ., dissent from the determination herein with respect to the first decretal paragraph of the judgment and vote to affirm the judgment insofar as it grants plaintiff a separation; and otherwise concur.