■ JOHN C. ORLOFF, Respondent, v SANDRA ORLOFF, Appellant.—Appeal from a judgment of the Supreme Court, entered January 29, 1975 in Fulton County, upon a verdict rendered at a Trial Term in favor of plaintiff. The defendant-wife appeals from a judgment which granted plaintiff-husband a divorce, pursuant to subdivision (1) of section 170 of the Domestic Relations Law, on the ground of cruel and inhuman treatment. The only competent evidence presented by plaintiff on the issue of cruel and inhuman treatment fell within the following areas: (1) although defendant was in ill health, despite medical advice and the urgings of plaintiff, she refused to seek available treatment, making it necessary for defendant to perform many household chores in addition to holding several jobs; (2) the parties constantly bickered and argued; and (3) on one occasion the defendant threatened plaintiff's life with a handgun. Although it is not disputed that defendant suffered from arthritis, the defendant's testimony indicates that she went to considerable lengths to secure treatment. It was undoubtedly burdensome at times for plaintiff to perform certain domestic tasks which defendant might otherwise have performed, but surely his wife's illness comes within the purview of "family tragedies * * * and the other untoward events from which no life is ever free. In such cases it would seem entirely proper that the court give heed to the admonition and interest in 'for better or worse' " (Hessen v Hessen, 33 NY2d 406, 412). As to the testimony which revealed that relations between the parties were often strained and unpleasant, "Occasional strife, lack of domestic harmony, frequent quarrels between husband and wife and incompatibility furnish no grounds for a decree" of divorce (Rios v Rios, 34 AD2d 325, 327, affd 29 NY2d 840). Plaintiff introduced no expert medical witness and his own testimony failed to demonstrate that his wife's alleged misconduct "substantially impaired plaintiff's health" (Schapiro v Schapiro, 27 AD2d 667). Although the complaint alleges threats upon plaintiff's life by defendant "on several occasions", the record reveals no more than an isolated threat which is insufficient to support a judgment of divorce on the ground of cruel and inhuman treatment (Wenderlich v Wenderlich, 34 AD2d 726; Schapiro v Schapiro, supra). In reviewing this record, this court is mindful of the fact that a judgment of divorce based upon the misconduct of the wife, such as the defendant herein, precludes the wife from receiving alimony or from receiving possession of the marital residence (Domestic Relations Law, § 236; Hessen v Hessen, supra; Votta v Votta, 40 AD2d 532). As stated by the Court of Appeals, "unless the Legislature sees fit to limit the scope of section 236 to bar support only for grievous forms of misconduct, the effect on the right to support must continue to be an influential factor, as a matter of legislative interpretation, in determining the meaning of section

170" *(Hessen v Hessen, supra,* p 412). The plaintiff has had his day in court on each of the allegations of his complaint and has failed to prove "cruel and inhuman treatment" within the meaning of subdivision (1) of section 170 of the Domestic Relations Law. Judgment reversed, on the law, without costs, and judgment directed to be entered in favor of defendant dismissing the complaint on the merits. Sweeney, J. P., Kane, Koreman, Larkin and Reynolds, JJ., concur.