— Appeals from (1) a judgment of the Supreme Court, entered February 2, 1976 in St. Lawrence County, upon a verdict rendered at a Trial Term in favor of the plaintiff and (2) an order of the same court at Special Term, entered May 21, 1976, which denied defendant’s request for alimony. The parties were married in 1943 and the union produced six children, two of whom have died. The plaintiff, a college professor now serves as dean of an upstate New York college. He left the family abode in July of 1974 and in January of 1975 commenced an action for divorce upon the ground of cruel *680 and inhuman treatment (Domestic Relations Law, § 170, subd [1]). After joinder of issue, the matter proceeded to trial. The jury rendered a verdict in favor of the plaintiff and judgment was entered accordingly. The defendant appeals asserting that the proof offered was insufficient, as a matter of law, to establish cruel and inhuman treatment within the meaning of subdivision (1) of section 170 of the Domestic Relations Law. The cruelty charged by the husband was that the defendant threatened his life; that she threatened him with bodily harm; that she publicly harassed, insulted and ridiculed the plaintiff and accused him of adultery. The defendant denied the charges and offered evidence in justification of her actions. We are, therefore, presented with the question of whether or not the proof offered was sufficient to create a factual issue concerning the matter of cruel and inhuman treatment for the jury to resolve. It should be noted at this point that the plaintiff is, in large measure, relying upon instances of misconduct occurring after the divorce proceedings were initiated. In assessing the sufficiency of the evidence, it is to be remembered that to dissolve a marriage of long duration (32 years here), a high degree of proof is required to show that the conduct of the defendant so endangered the physical and mental well-being of the plaintiff as to render it unsafe or improper for the plaintiff to cohabit with the defendant (Johnson v Johnson, 36 NY2d 667; Filippi v Filippi, 53 AD2d 658; see Orloff v Orloff, 49 AD2d 975). Moreover, when, as here, the plaintiff is relying upon conduct occurring subsequent to the initiation of the divorce proceedings, the nature of the proof should rise to a higher level before cruel and inhuman treatment is established within the meaning of the statute and case law, since the commencement of the divorce action would, no doubt, exacerbate the already strained relations between the parties (cf. Hessen v Hessen, 33 NY2d 406; Filippi v Filippi, supra). A higher level requirement also applies where the marriage is of long duration and the wife is the defendant because the wife can obtain no alimony if she loses (Domestic Relations Law, § 236; Hesson v Hesson, supra; Math v Math, 39 AD2d 583, affd 31 NY2d 693). Examination of the record with these requirements in mind makes it evident that the testimony is insufficient to present a question of fact for a jury. The witnesses who testified to the defendant’s threats against the life, body and limb of the plaintiff expressed no confidence that they would be carried out. Moreover, almost without exception the incidents of harassment, ridicule and insult were preceded by an act of the plaintiff which demonstrated a callous disregard of and little or no respect for the defendant. It is true that the record does indicate that the defendant was at times extremely unreasonable and oftimes exercised unbelievably poor judgment. However, plaintiff’s two-week trip to Florida with a young female and his trip to Paris to visit another could hardly be expected to improve relations with defendant or to encourage stable conduct on the defendant’s part. Under the circumstances, the defendant’s conduct, though unreasonable, was to a degree excusable under the doctrine of provocation (Mante v Mante, 34 AD2d 134; cf. Del Galdo v Del Galdo, 51 AD2d 741). Lastly, plaintiff’s self diagnosis that he was suffering from herpes simplex as a result of the defendant’s conduct falls far short of the standard articulated in Rios v Rios, (34 AD2d 325, 327, affd 29 NY2d 840; see, also, Orloff v Orloff, supra). Judgment reversed, on the law, and complaint dismissed with costs. Koreman, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.