■ In the Matter of WILLIAM L. MAIER, as Executor of MARGARET M. NOLAN, Deceased. — Decree affirmed, without costs. Concur — Dillon, P. J., Doerr and Schnepp, JJ.

Boomer and O'Donnell, JJ., dissent and vote to modify, in the following memorandum: We would hold that there was insufficient evidence to sustain an *inter vivos* gift of the decedent's diamonds and we would modify the decree accordingly. Clear and convincing evidence of delivery is essential to establish a gift (*Hindus v Newburger,* 279 App Div 17, affd 303 NY 872; *Matter of Lalor,* 28 AD2d 66, 68). In this case, the only evidence of delivery was the memorandum of the decedent, which read, "I am giving my diamonds to a friend who has done so much for me, Jeanne Schlegel". Although declarations of a decedent may be sufficient to prove delivery where the declarations clearly indicate an antecedent transfer (see *Miller v Silverman,* 247 NY 447; 25 NY Jur, Gift, § 18), declarations indicating an intent to deliver in the future, such as "I am going to give", are insufficient (see *Matter of Wicks,* 42 AD2d 1021, mot for lv to app den 34 NY2d 515). The written statement, "I am giving", is not evidence of an antecedent delivery; the statement, which speaks in the present tense, does not prove that at the time the statement was written delivery had already taken place. Moreover, it is inconceivable that the decedent used the present tense in the sense that she was actually in the process of delivering the diamonds at the same time she was writing the memorandum. The only reasonable interpretation of the statement, in context, is that the decedent intended that her friend have the diamonds and that she was going to transfer them to her either by way of gift or testamentary disposition. At most, the statement is equivocal concerning the time of delivery and falls short of the clear and convincing evidence necessary to prove a gift. (Appeal from decree of Monroe County Surrogate's Court, Houston, S. — objections to accounting and settlement of will.) Present — Dillon, P. J., Doerr, Boomer, O'Donnell and Schnepp, JJ.

■ MARGARET GOULET, Respondent, v ROBERT GOULET, Appellant. — Order unanimously affirmed, with costs. Memorandum: Special Term did not abuse its discretion in ordering an increase in child support based on the children's right to receive adequate support (see *Matter of Brescia v Fitts,* 56 NY2d 132; see, also, *Matter of Michaels v Michaels,* 56 NY2d 924) and in awarding alimony (Domestic Relations Law, § 236, part A). The stipulation of the parties at the time of their divorce, which provided a temporary waiver of alimony, is not a bar to plaintiff's present application. (Appeal from order of Supreme Court, Erie County, McGowan, J. — modify divorce decree.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.