■ OLGA MILENSKY, Respondent, v JOSEPH F. MILENSKY, Appellant.—Mikoll, J. Appeals (1) from a judgment of the Supreme Court granting plaintiff a divorce, entered January 31, 1986 in Broome County, upon a verdict rendered at Trial Term (Harlem, J.), and (2) from a judgment of said court ordering equitable distribution of the parties' marital property, entered January 31, 1986 in Broome County, upon a decision of the court, without a jury.

On April 18, 1985, plaintiff secured a jury verdict of divorce in her favor and against defendant on the ground of cruel and inhuman treatment. On January 28, 1986, Supreme Court awarded plaintiff one half of all marital property as well as maintenance of $100 per week for two years. Plaintiff and defendant were married in 1955 and have three grown children. Both parties were employed as teachers. Plaintiff taught in a neighboring community and was at the family home only on weekends.

Defendant challenges the verdict and the equitable distribution award on several grounds. We direct our attention to the allegation of error we deem crucial. Defendant contends that the verdict is not supported by admissible evidence in that the

bulk of plaintiff's claims of misconduct by defendant were made for the first time at trial and defendant lacked notice of such claims. A divorce upon the ground of cruel and inhuman treatment is authorized by Domestic Relations Law § 170. CPLR 3016 (c) requires the following: "Separation or divorce. In an action for separation or divorce, the nature and circumstances of a party's alleged misconduct, if any, and the time and place of each act complained of, if any, shall be specified in the complaint or counterclaim as the case may be."

Defendant argues that, by allowing plaintiff to submit proof at trial of which he did not have notice since it was not included in plaintiff's complaint, he was unable to adequately prepare a defense. We note that plaintiff's complaint alleged generally that defendant's treatment so endangered her physical and mental well-being as to render it unsafe and improper for her to cohabit with defendant. Plaintiff additionally alleged the following acts of misconduct: (1) defendant refused to give her money for anything other than food, (2) defendant and plaintiff had not had sexual relations for over six years, (3) defendant refused to make home repairs and maintain the home, (4) defendant said to plaintiff in front of one of their children we well as friends, "Why don't you get out", (5) in the spring of 1982, during a counseling session, defendant said he had married plaintiff "because she came from Mexico and I thought she would be my slave" (6) in July 1983, defendant told plaintiff, "You are an old bag and should be drinking milk", (7) on October 8, 1983, defendant said to plaintiff in front of one of their children, "This old bag doesn't know how to do anything right", (8) around Christmas 1983, defendant implied that he could not wait until plaintiff was gone so he could be alone, (9) on May 18, 1984, defendant overturned plaintiff's bed and put her room in disarray, and (10) on May 24, 1984, defendant sent her a note telling her that he would buy all of the groceries in the future and cut her off from all funds.

At trial, plaintiff testified to these allegations and to additional and significantly graver acts of misconduct. These included (1) threats made by defendant to send plaintiff to a mental institution and to kill her, (2) a threat made by defendant to throw plaintiff out of the house in the winter, and (3) an absence of affection for five years coupled with defendant's proposal of deviant sex in a demeaning manner. In addition, Supreme Court received into evidence, over defendant's objection, matters not alluded to in the complaint. These included: (1) an order of protection issued by Family

Court in July 1984 which plaintiff testified she obtained after defendant allowed their dog to defecate in her bedroom, (2) a newspaper clipping entitled "Spouse Shoots Wife During Divorce Session" which plaintiff stated defendant placed on a table where she could see it, and (3) an order of protection issued by Family Court on May 17, 1979 as well as a petition and a certificate of hospitalization in connection therewith, which plaintiff testified she received after defendant beat her in front of their children and caused her to be hospitalized.

Supreme Court overruled defendant's objections to this series of evidence on the ground that defendant, having failed to request a bill of particulars, was foreclosed from limiting plaintiff's proof. The court held that the evidence elicited was within the general ambit of the complaint insofar as it alleged a continuing course of verbal and possible physical abuse.

We find that Supreme Court erred in its admission of acts and words outside the parameters of the complaint to defendant's detriment *(see, Pollitzer v Pollitzer,* 188 App Div 861). The judgment of divorce must therefore be reversed and a new trial ordered.

A complaint is a fundamentally crucial pleading. Its allegations are intended to put a defendant on notice of a plaintiff's claim against the defendant. The key issue in this case was whether there was the required notice to defendant of plaintiff's contentions. We hold there was not. Notwithstanding the fact that defendant did not take advantage of a bill of particulars, the notice function of the complaint as set out in CPLR 3016 (c) had to be met. The jury should not have been allowed to consider unpleaded acts of misconduct in rendering its verdict. The strictures of CPLR 3026 do not permit a court to ignore pleading defects if a substantial right of a defendant is implicated. We hold that, in this case, a substantial right of defendant was prejudiced by the admission of evidence at trial which was not alleged in the complaint.

Based on this conclusion, it is unnecessary to deal with the other allegations of error raised by defendant with respect to both the verdict and the equitable distribution award.

Judgments reversed, on the law, with costs to abide the event, and matter remitted to Supreme Court for a new trial. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.