■ MARY A. C. FLYNN, Respondent, v DANIEL M. FLYNN, Appellant.—Motion by the defendant husband, *pro se,* for leave to reargue, or, in the alternative, for leave to appeal to the Court of Appeals, from an order of this court, dated November 17, 1986, which affirmed an order of the Supreme Court, Nassau County (McCaffrey, J.), dated April 4, 1985, denying his motion to vacate a prior order of the same court, entered October 13, 1982, which, *inter alia,* awarded custody of the parties' children pendente lite to the plaintiff wife.

Ordered that the motion is denied.

This matrimonial action was commenced by summons dated May 13, 1982. By order to show cause dated July 30, 1982, the plaintiff wife moved for pendente lite relief, including temporary custody of the parties' children. By memorandum decision dated September 8, 1982 (McCaffrey, J.), the motion was granted and an order embodying that decision was entered on October 13, 1982.

Ultimately, there was a trial of the action in the Supreme Court, Nassau County (Molloy, J.). By memorandum decision dated July 31, 1984, Justice Molloy granted the plaintiff wife a divorce and, *inter alia,* awarded her custody of the infant issue. That decision was embodied in a final judgment of divorce dated September 13, 1984. The defendant husband's appeal to this court from that final judgment was dismissed on January 24, 1986, for his failure to perfect that appeal.

By notice of motion dated January 16, 1985, the defendant moved to vacate the pendente lite custody order, well after the final judgment of divorce had been entered. By order dated April 4, 1985, Justice McCaffrey denied the defendant's motion, reasoning that the pendente lite order was merged in the final judgment of divorce and was superseded by said judgment, as a consequence of which there was nothing left to vacate. The defendant then appealed to this court. We affirmed, stating the following: "Special Term properly denied

the defendant's motion to vacate the order entered October 13, 1982. That order was superseded by the judgment of divorce *(see, Schapiro v Schapiro,* 27 AD2d 667) and was of no effect after entry of the judgment *(see, Mittman v Mittman,* 263 App Div 384; *Kellogg v Stoddard,* 89 App Div 137). His further argument that the failure to comply with what he claims to have been an invalid pendente lite order had a prejudicial impact on the trial court's custody determination provides no basis for vacating the pendente lite order. Such an argument might have been cognizable on direct appeal from the judgment. However, by order dated January 24, 1986, the defendant's appeal from the judgment was dismissed for failure to perfect the same" *(Flynn v Flynn,* 124 AD2d 699).

On the present motion, the defendant husband seeks leave to reargue our order, or, in the alternative, for leave to appeal to the Court of Appeals. It is clear that we properly determined the prior appeal. In *Schapiro v Schapiro* (27 AD2d 667, *supra),* this court held that a temporary order in a matrimonial action is superseded by the final judgment *(see also, Mittman v Mittman,* 263 App Div 384, *supra; Kellogg v Stoddard,* 89 App Div 137, *supra).* This is a rule well grounded in logic. An order awarding pendente lite relief is only designed to provide temporary relief pending disposition of the matter in a final judgment. Once a final judgment has been entered, it stands to reason that the order granted pendente lite relief is no longer effective, and thus no longer appealable. This being so, this court, having followed long-standing precedent, correctly decided the previous appeal and there is no basis to grant the defendant's motion for reargument or leave to appeal to the Court of Appeals. We note that according to the January 15, 1987 list of new filings from the Court of Appeals, the defendant has already filed an appeal with that court from our November 17, 1986 order.

The movant has submitted an extensive affidavit in which he accuses several Justices of the Supreme Court, as well as the Nassau County District Attorney, of misconduct. None of those accusations was properly before this court on either the appeal or this motion. The notice of appeal, which was filed by the defendant and which circumscribed his appeal to this court, stated that the appeal was from the order of Justice McCaffrey, dated April 4, 1985, which denied the vacatur of the pendente lite order entered October 13, 1982, incorrectly denominated as having been entered on October 12, 1982. As already noted above, Justice McCaffrey correctly denied the motion to vacate the pendente lite order, upon the ground

that the final judgment of divorce has superseded such pendente lite order. Therefore, the extraneous accusations made by the defendant on this motion are not at issue with regard to this appeal, and are not properly before this court on this motion.

We also note that the defendant's moving papers include other exhibits which are not properly before this court, including copies of letters submitted to a Justice of this court in violation of section 670.22 (g) of the rules of this court (22 NYCRR), which states: "No briefs, letters or other communications in connection with an appeal will be accepted after the argument or submission of an appeal unless permission therefor is granted by the court." Moreover, in these letters, the defendant seeks to argue matters which are not properly before this court on the appeal from Justice McCaffrey's order of October 13, 1982.

It may well be that because the defendant is representing himself without the benefit of counsel, he is not aware of this court's jurisdictional limitations and does not appreciate the fact that much of the material submitted to this court may not be considered on the appeal from Justice McCaffrey's order. However, we believe that we should point it out to the defendant at this time for his edification.

Although the defendant cannot have Justice McCaffrey's order reversed by this court because it was correctly decided, and he cannot have the final judgment of divorce overturned because his appeal therefrom has been dismissed due to his own failure to perfect that appeal, custody is a matter which may always be reexamined upon a proper showing. Accordingly, if the defendant can make such a showing, he may apply to the Supreme Court for a change in custody (see, Domestic Relations Law § 240; *Friederwitzer v Friederwitzer,* 55 NY2d 89). Mangano, J. P., Bracken, Niehoff and Weinstein, JJ., concur.