■ Jo-Ann I. Batson, Respondent, v Mark D. Batson, Appellant. [716 NYS2d 137] —Spain, J. Appeal from a judgment of the Supreme Court (Dowd, J.), ordering, *inter alia*, equitable distribution of the parties' marital property, entered February 2, 1999 in Chenango County, upon a decision of the court.

In 1997 the parties were still married and defendant was earning an annual salary of $55,000. Later that year, however,

defendant was laid off and enrolled in college. Plaintiff filed for divorce in March 1998 and sought custody of the parties' two children. Defendant counterclaimed for divorce. Plaintiff moved for pendente lite relief, including child support. Supreme Court granted the motion and, *inter alia*, established defendant's temporary support obligation under the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) based on his former pay rate of $55,000 per year, over defendant's objection.

Immediately prior to trial, the parties entered into an opting-out agreement consenting to mutual divorces. The agreement purports to settle all issues between the parties, including defendant's obligations to pay maintenance, child support—which they agreed would be based on his then current pay of $50,000 per year—and plaintiff's counsel fees. With counsel present, defendant acknowledged before Supreme Court that he agreed to all of these terms. Supreme Court thereafter accepted the agreement and incorporated it into the judgment of divorce.

Defendant appeals, contending that Supreme Court made various errors in granting plaintiff's motion for pendente lite support, including imputing his prior annual salary of $55,000 when establishing the temporary support obligation. However, "[a]n order awarding pendente lite relief is only designed to provide temporary relief pending disposition of the matter in a final judgment" (*Flynn v Flynn*, 128 AD2d 583, 584). Thus, when Supreme Court issued the judgment of divorce incorporating the parties' opting-out agreement and settling all issues raised in their respective actions for divorce, the prior temporary order was extinguished (*see, Hammond v Hammond*, 257 App Div 1041; *see also, Zolinsky v Zolinsky*, 17 AD2d 158, 160). Accordingly, because the rights of the parties cannot be affected by the determination defendant seeks, the issue is moot and beyond this Court's review (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713; *cf., Goulet v Goulet*, 97 AD2d 940).

Next, defendant challenges various aspects of the opting-out agreement. The written agreement, however, was entered into by the parties in open court and, as such, is binding and will not be set aside lightly (*see, Hallock v State of New York*, 64 NY2d 224, 230; *Barzin v Barzin*, 158 AD2d 769, 770, *lv dismissed* 77 NY2d 834; *see also*, CPLR 2104). In a matrimonial action, such an agreement will only be "set aside where it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable or constitute fraud, collusion, mistake or accident" (*Barzin v Barzin, supra*, at 770;

*see, Grunfeld v Grunfeld,* 123 AD2d 64, 67-68). Here, defendant asserts that he executed the agreement under duress and that he was not afforded effective assistance of counsel.

Defendant's unequivocal stipulation in open court, with counsel present, to all the terms of the agreement—which was reduced to writing, signed by both parties and notarized—belies his claims. Absolutely no record support exists for defendant's generalized claim of duress and he fails to allege facts sufficient to support a finding of fraud, collusion, mistake or accident. Thus, he has failed to demonstrate sufficient grounds to set aside the agreement (*see, Barzin v Barzin, supra,* at 770-771). Furthermore, by defendant's own admission, defense counsel represented him in court, moved to reduce the temporary support order, actively pursued discovery and negotiated an agreement to end the parties' litigation prior to trial. Under these circumstances, we conclude that defendant received " 'meaningful and constitutionally competent legal representation' " (*Ulmer v Ulmer,* 254 AD2d 541, 543, quoting *Matter of Dingman v Purdy,* 221 AD2d 817, 818).

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.