DeGroat v DeGroat (2018 NY Slip Op 05571)





DeGroat v DeGroat


2018 NY Slip Op 05571


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-01621
 (Index No. 4486/08)

[*1]Julie DeGroat, appellant, 
v
Stephen DeGroat, respondent.


Craig E. Johns, Nanuet, NY, for appellant.
Johnson & Cohen, LLP, Pearl River, NY (Eric M. Holzer of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated January 3, 2017. The order denied the plaintiff's motion for a declaration that the defendant's obligation to make maintenance payments to the plaintiff pursuant to the parties' judgment of divorce commenced on February 1, 2013, and for an award of counsel fees.
ORDERED that the order is affirmed, with costs.
The parties were divorced pursuant to a judgment of divorce dated January 29, 2010, which provided "that the Defendant pay maintenance to Plaintiff in the sum of four thousand ($4,000.00) dollars per month commencing upon payment to the Plaintiff of her distributive award. The pendente lite order of this Court shall continue until such time as the maintenance payments begin. Maintenance payments as herein ordered shall be paid for a period of seven (7) years or until the death of either party, whichever shall first occur." The defendant was directed to pay the distributive award to the plaintiff within 60 days after entry of the judgment. The pendente lite order referred to in the judgment directed the defendant to make maintenance payments to the plaintiff in the sum of $5,000 per month.
Subsequently, in connection with postjudgment motion practice in which the plaintiff alleged that the defendant had failed to pay the plaintiff pendente lite maintenance in the sum of $5,000 per month, in an order dated November 30, 2012, the Supreme Court awarded the plaintiff the sum of $1,000 per month "for each and every month the reduced amount [of $4,000] has been paid" and directed that the defendant "pay the pendente lite amount [of $5,000 per month] until he has paid the distributive award in full."
The defendant paid the plaintiff the balance of the distributive award in January 2013, and was required to pay statutory interest at the rate of 9% on the past due portion of the distributive award. The plaintiff thereafter moved for a declaration that the $4,000-per-month maintenance payments commenced on February 1, 2013, and shall continue through and including January 1, 2020, as well as for an award of counsel fees incurred by her in making the motion. The Supreme Court denied the plaintiff's motion, and the plaintiff appeals.
" [A]n order awarding pendente lite [support] is only designed to provide temporary relief pending disposition of the matter in a final judgment'" (Batson v Batson, 277 AD2d 750, 751, quoting Flynn v Flynn, 128 AD2d 583, 584). Once the judgment of divorce is issued, the support provision in the judgment supersedes the prior pendente lite order, which is extinguished (see Batson v Batson, 277 AD2d at 751; Summer v Summer, 233 AD2d 881, 881; Flynn v Flynn, 128 AD2d at 585).
The judgment of divorce was issued on January 29, 2010, and provided for the defendant to make maintenance payments to the plaintiff for a period of seven years. Therefore, as of January 29, 2010, the pendente lite support order was extinguished. Thus, we agree with the Supreme Court's determination that "the seven year period of permanent maintenance began on February 1, 2010," the date the defendant's first monthly permanent maintenance payment was due, and that the defendant's "obligation to make such payments shall continue through January of 2017." We also agree with the court's determination that the full payment of the distributive award in January 2013 had no bearing upon the duration of permanent maintenance. The payment of the distributive award simply reduced the defendant's permanent maintenance obligation from $5,000 per month (the pendente lite amount, which had been continued as a permanent award pending payment of the distributive award) to $4,000 per month.
Under the circumstances of this case, we find that the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's request for an award of counsel fees (see Matter of Nenninger v Kelly, 140 AD3d 964, 965).
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court